Dennis F. Dunne
Evan R. Fleck
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Gregory Bray
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for Debtors and*
*Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
AVICANCA HOLDINGS S.A., *et al.*,[1]                        :    Case No. 20-11133 (MG)
                                                            :
                                    Debtors.                :    (Joint Administration Requested)
                                                            :
------------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A**
**CONSOLIDATED LIST OF CREDITORS AND (B) FILE A**
**CONSOLIDATED LIST OF DEBTORS' 40 LARGEST UNSECURED**
**CLAIMS; (II) APPROVING PROCEDURE FOR DISCLOSURE OF CERTAIN**
**CREDITOR AND INTEREST HOLDER INFORMATION; AND**
**(III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF**
**COMMENCEMENT OF CHAPTER 11 CASES**

---

[1]    The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A).  The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Avianca Holdings S.A. and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent as follows in support of this motion (the "Motion"):[2]

## RELIEF REQUESTED

1.    By this Motion, pursuant to sections 105(a), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 1007(a)(1) and (d) and 2002(a)(1) and (f) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 1007-1(a) and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing them to (i) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Consolidated List of Creditors") and (ii) file a consolidated list of the Debtors' forty (40) largest unsecured claims (the "Consolidated Top 40 List"); (b) approving a procedure for disclosure of certain creditor and interest holder information; and (c) approving the form and manner of notifying creditors of commencement of these Chapter 11 Cases.

## JURISDICTION

2.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the First Day Declaration (as defined below).

5.      The bases for the relief requested herein are sections 105(a), 342(a), and 521 of the

Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d) and 2002(a) and (f), and Local Bankruptcy

Rules 1007-1 and 5075-1.

## STATUS OF THE CASES

6.      On the date hereof (the "Petition Date"), each of the Debtors filed with this Court

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      Each Debtor is continuing to operate its businesses and manage its properties as a

debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      No creditors' committee has yet been appointed in these cases.  No trustee or

examiner has been appointed.

9.      The Debtors have filed a motion requesting joint administration of the Chapter 11

Cases pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

10.     Avianca is the second-largest airline group in Latin America and the most important

carrier in the Republic of Colombia and in the Republic of El Salvador.  It is the largest airline in

the Republic of Colombia (the third largest Latin American economy), a code-share partner of

United Airlines, and a member of the Star Alliance which, with 26 members, is the world's largest

global airline alliance.  Established in 1919, Avianca has a 100-year legacy as a leading provider

of air travel and cargo services in the Latin American market and around the globe.  Avianca is

well respected throughout Latin America and maintains significant customer brand equity and

market share in the regions it services.

11.     The Debtors operate an extensive network of routes from their primary hubs in

Bogotá and San Salvador (in addition to other focus markets) and offer passenger services on more

than 5,350 weekly flights to more than 76 destinations in 27 countries.  With approximately 18,900

employees and approximately $3.9 billion in annual revenues, the Debtors play a key role in the Latin American airline market.

12.    Despite an effective debt reprofiling executed in the second half of 2019, a significant improvement in Avianca's liquidity position in early 2020, and the successful 2019 launch of the "Avianca 2021" transformation plan  (as further described below), the Debtors have been compelled to file these Chapter 11 Cases for one principal reason: the COVID-19 pandemic, which has affected the world's population and economies in ways that have never been experienced.  The reduction in travel as a result of the virus, and the measures undertaken to combat the virus, including restrictions commercial flights and on travel, have had and will continue to have an adverse impact on the Debtors.  As a result of the ongoing pandemic and its consequences, the Debtors are facing significantly reduced revenues from ticket sales and ancillary revenues, government prohibitions globally on international flights, substantial ongoing contractual obligations to their lessors, lenders and other creditors, and a near complete standstill of the global economy—all with significant continued impact and limited visibility as to the potential market recovery.

13.    On March 20, 2020, the Republic of Colombia, consistent with what numerous other governments around the world have done, announced that it would close its airspace to address the spread of COVID-19. As a result of the restrictions imposed by the Colombian government, as well as similar measures in various other of the Debtors' primary markets, on March 24, 2020 the Debtors announced that they were suspending all scheduled passenger flights from March 25, 2020 until at least the end of April 2020; this situation has now been extended and is ongoing, and no date has been established for restart of flights.

14.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Adrian Neuhauser in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## BASIS FOR RELIEF REQUESTED

### A.    Consolidated List of Creditors

15.     Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the twenty (20) largest unsecured claims against the debtor.  Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the bankruptcy court) must provide the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least twenty-one (21) days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

16.     There are thirty-nine (39) entities that are Debtors in these Chapter 11 Cases.  As of the Petition Date, the Debtors estimate that they have over $7 billion in liabilities and thousands of potential creditors and parties in interest (on a consolidated basis) in these cases.  As such, requiring the Debtors to prepare individual matrices for each Debtor would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error.

17.     The Debtors submit that permitting them to maintain one single consolidated list of creditors, in lieu of filing a separate creditor matrix for each Debtor entity, is warranted under the circumstances of these Chapter 11 Cases.  Specifically, maintaining a single consolidated list of

creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings. Many of the Debtors' creditors overlap and thus, to the extent the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice. As such, the Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of Kurtzman Carlson Consulting LLC ("KCC"), as the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs, and is consistent with the applicable Local Bankruptcy Rules.

18.    Concurrently with the filing of this Motion, and in accordance with Local Bankruptcy Rule 5075-1, the Debtors are seeking to retain KCC as Claims and Noticing Agent in these Chapter 11 Cases.[3] If this application is granted, KCC will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. The Debtors, working with KCC as Claims and Noticing Agent, have already prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties in interest are prejudiced, the Debtors and KCC will make the consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances of these Chapter 11 Cases.

---

[3]    See *Application for an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. § 156(C), 11 U.S.C. § 105(a), and S.D.N.Y. L.B.R. 5075-1 Nunc Pro Tunc to the Petition Date*, filed contemporaneously herewith.

19.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors. See, e.g., In re Windstream Holdings, Inc., Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) [Docket No. 90]; In re Ditech Holding Corp., Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 15, 2019) [Docket No. 71]; In re Aegean Marine Petrol. Network Inc., Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) [Docket No. 152]; In re Relativity Media, LLC, Case No. 18-11358 (MEW) (Bankr. S.D.N.Y. May 10, 2018) [Docket No. 39]; In re Tops Holding II Corp., Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018) [Docket No. 71]; In re Cenveo, Inc., Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 47]; In re BCBG Max Azaria Glob. Holdings, LLC, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 3, 2017) [Docket No. 75].

**B.    Consolidated Top 40 List**

20.     Bankruptcy Rule 1007(d) requires a debtor to file a list containing information on its 20 largest unsecured creditors, excluding insiders (the "Top 20 List"). Fed. R. Bankr. P. 1007(d). The Top 20 List is used, for among other purposes, to facilitate the appointment of a creditors' committee by the United States Trustee (the "U.S. Trustee"). See In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1).").

21.     As with the Consolidated List of Creditors discussed above, requiring each of the Debtors to file an individual Top 20 List would be unduly burdensome, with little, if any, attendant value to the Debtors' estates or the U.S. Trustee. Filing a consolidated list, expanded to 40 creditors to take into account non-overlapping creditors in the Debtors' overall creditor pool, is a more efficient and appropriate approach (the "Consolidated Top 40 List"). If a creditors'

committee is ultimately deemed appropriate, the Consolidated Top 40 List will prove of even greater value to the U.S. Trustee by making a greater number of significant creditors potentially available for service on a joint creditors' committee for all the Debtors. Accordingly, the Debtors request that the Court waive the requirement that each of the Debtors file a Top 20 List and, instead, authorize the Debtors to file a single Consolidated Top 40 List.

**C.**      **Disclosure of Certain Creditor and Interest Holder Information**

22.      Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court, "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists, to prevent identity theft, to authorize the Debtors, with respect to individual creditors and interest holders that are current employees of the Debtors, to use the address where each such employee works rather than their residential addresses (the Debtors will use personal home addresses for former employees).

**D.**      **Proposed Procedures for Service of Notice of Commencement**

23.      Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) further provides that notice of the order for relief shall be provided to all creditors by mail. In light of the requirement to notify creditors of the commencement of these Chapter 11 Cases and the meeting of creditors, the Debtors seek authority to have KCC undertake the mailing of the notice of commencement to creditors, substantially in the form annexed hereto as **Exhibit 1** to the Proposed Order (the "Notice of Commencement").

24.     In addition to mailing the Notice of Commencement to the Debtors' creditors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement (a) in the national edition of the *USA Today*; and (b) on the website to be established for the Debtors by KCC. Publication of the Notice of Commencement is the most practical method by which to notify those creditors and equity holders who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these cases.  Notice by publication also will ensure an efficient use of estate resources.

25.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest.  In re CEI Roofing, Inc., 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (internal quotation marks and citation omitted); see Unofficial Comm. of Equity Holders of Penick Pharm., Inc. v. McManigle (In re Penick Pharm., Inc.), 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

## NOTICE

26.     The Debtors will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (c) the holders

of the five (5) largest secured claims against the Debtors (on a consolidated basis); (d) the United

States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service;

(f) the Securities and Exchange Commission; (g) the Federal Aviation Administration; and (h) any

party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit

that no further notice is required.

**<u>NO PRIOR REQUEST</u>**

No prior request for the relief sought in this Motion has been made to this or any other

court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  New York, New York                    **MILBANK LLP**
        May 10, 2020

                                              _/s/_ Evan R. Fleck
                                              Dennis F. Dunne
                                              Evan R. Fleck
                                              MILBANK LLP
                                              55 Hudson Yards
                                              New York, New York 10001
                                              Telephone:  (212) 530-5000
                                              Facsimile:  (212) 530-5219

                                              - and -

                                              Gregory A. Bray
                                              MILBANK LLP
                                              2029 Century Park East, 33rd Floor
                                              Los Angeles, CA 90067
                                              Telephone:  (424) 386-4000
                                              Facsimile:  (213) 629-5063

                                              _Proposed Counsel for Debtors and_
                                              _Debtors-in-Possession_

**<u>EXHIBIT A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                           :

In re:                                         :       Chapter 11
                                                             :

AVIANCA HOLDINGS S.A., *et al.*,[1]      :       Case No. 20-11133 (MG)
                                                             :

                     Debtors.         :       (Joint Administration Requested)
                                                             :

------------------------------------------------------------------x

## ORDER (I) AUTHORIZING DEBTORS TO
## (A) FILE A CONSOLIDATED LIST OF CREDITORS AND
## (B) FILE A CONSOLIDATED LIST OF DEBTORS' 40 LARGEST
## UNSECURED CLAIMS; (II) APPROVING PROCEDURE FOR DISCLOSURE OF
## CERTAIN CREDITOR AND INTEREST HOLDER INFORMATION; AND
## (III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF
## COMMENCEMENT OF THESE CHAPTER 11 CASES

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a), 342(a), and 521

of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(1) and (d) and

2002(a)(1) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rules 1007-1(a) and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York

---

[1] The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A). The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

(the "Local Bankruptcy Rules") for entry of an order (this "Order") (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Consolidated List of Creditors") and (b) file a consolidated list of the Debtors' forty (40) largest unsecured claims (the "Consolidated Top 40 List"); (ii) approving a procedure for disclosure of certain creditor and interest holder information; and (iii) approving the form and manner of notifying creditors of commencement of the Chapter 11 Cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      In lieu of submitting a separate mailing matrix for each Debtor, the Debtors shall make available a single, Consolidated List of Creditors of all the Debtors' creditors in electronic

form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

3.     The Debtors are authorized to file a Consolidated Top 40 List in these cases.

4.     With respect to creditors and interest holders that are current employees of the Debtors, the Debtors may use their office addresses and use personal home addresses for former employees.

5.     The Notice of Commencement of these Chapter 11 Cases, substantially in the form attached to this Order as **Exhibit 1**, is hereby approved.

6.     On or before the date that is twenty-one (21) days prior to the date on which the meeting of creditors is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be served via first-class on all creditors on the list of creditors.

7.     Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Notice Agent, shall cause to be published (a) the Notice of Commencement, substantially in the form attached as **Exhibit 1** hereto, on the website maintained by the Claims and Noticing Agent,[3] and (b) a modified, condensed version of the Notice of Commencement in the national edition of the *USA Today*.

8.     The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

9.     The Debtors are authorized to take all reasonable action necessary to effectuate the relief granted in this Order.

---

[3]     The website on which the Notice of Commencement can be accessed is www.kccllc.net/avianca.

10.    The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2020
          New York, New York

                                        _____

                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## **Notice of Commencement**

**Error! Unknown document property name.**

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor | Avianca Holdings S.A., *et al.* | | |
| | Name | | |
| United States Bankruptcy Court for the: | Southern District of New York (state) | Date case filed for chapter 11 | 05/10/2020 |
| Case number: | 20-11133 (MG) | Date case filed for chapter | |
| | | | MM/DD/YYYY |
| | | Date case converted for chapter 11 | |
| | | | MM/DD/YYYY |

## Official Form 309F (For Corporations or Partnerships)

## Notice of Commencement of Chapter 11 Bankruptcy Case                                    12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case, including information about the meeting of creditors and certain deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| Debtor's name(s) | Case Number | Tax ID Number | Date Filed | District |
|---|---|---|---|---|
| Aero Transporte de Carga Unión, S.A. de C.V. | 20-11140 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Aeroinversiones de Honduras, S.A. | 20-11141 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Aerovías del Continente Americano S.A. Avianca | 20-11134 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Airlease Holdings One Ltd. | 20-11142 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| America Central (Canada) Corp. | 20-11143 (MG) | 00-1071563 | May 10, 2020 | S.D.N.Y. |
| America Central Corp. | 20-11144 (MG) | 65-0444665 | May 10, 2020 | S.D.N.Y. |
| AV International Holdco S.A. | 20-11145 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| AV International Holdings S.A. | 20-11146 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| AV International Investments S.A. | 20-11147 (MG) | N/A | May 10, 2020 | S.D.N.Y. |

| AV International Ventures S.A. | 20-11148 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
|---|---|---|---|---|
| AV Investments One Colombia S.A.S. | 20-11135 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| AV Investments Two Colombia S.A.S | 20-11136 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| AV Taca International Holdco S.A. | 20-11149 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Avianca Costa Rica S.A. | 20-11150 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Avianca Holdings S.A. | 20-11133 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Avianca Leasing, LLC | 20-11151 (MG) | 47-2628716 | May 10, 2020 | S.D.N.Y. |
| Avianca, Inc. | 20-11132 (MG) | 13-1868573 | May 10, 2020 | S.D.N.Y. |
| Avianca-Ecuador S.A. | 20-11152 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Aviaservicios, S.A. | 20-11153 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Aviateca, S.A. | 20-11154 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Avifreight Holding Mexico, S.A.P.I. de C.V. | 20-11155 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| C.R. Int'l Enterprises, Inc. | 20-11156 (MG) | 59-2240957 | May 10, 2020 | S.D.N.Y. |
| Grupo Taca Holdings Limited | 20-11157 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| International Trade Marks Agency Inc. | 20-11158 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Inversiones del Caribe, S.A. | 20-11159 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Isleña de Inversiones, S.A. de C.V. | 20-11160 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Latin Airways Corp. | 20-11161 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Latin Logistics, LLC | 20-11162 (MG) | 41-2187926 | May 10, 2020 | S.D.N.Y. |
| Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) | 20-11163 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Regional Express Américas S.A.S. | 20-11137 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Ronair N.V. | 20-11164 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Servicio Terrestre, Aereo y Rampa S.A. | 20-11165 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Servicios Aeroportuarios Integrados SAI S.A.S. | 20-11138 (MG) | 92-4006439 | May 10, 2020 | S.D.N.Y. |
| Taca de Honduras, S.A. de C.V. | 20-11166 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Taca de México, S.A. | 20-11167 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Taca International Airlines S.A. | 20-11168 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Taca S.A. | 20-11169 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| Tampa Cargo S.A.S. | 20-11139 (MG) | N/A | May 10, 2020 | S.D.N.Y. |

| Technical and Training Services, S.A. de C.V. | 20-11170 (MG) | N/A | May 10, 2020 | S.D.N.Y. |
| --- | --- | --- | --- | --- |

| | | |
| --- | --- | --- |
| **2.** | **All other names used in the last 8 years** | See Attachment 1 |
| **3.** | **Address** | Edificio P.H. ARIFA, Boulevard Oeste<br>Pisos 9 y 10<br>Ciudad de Panama, Republica de Panama |

| | | | |
| --- | --- | --- | --- |
| **4.** | **Debtor's attorney**<br>Name and address | Dennis F. Dunne<br>Evan R. Fleck<br>Gregory Bray<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY 10001-2163 | Contact phone:  (212) 530-5000<br><br>Email: ddunne@milbank.com;<br>         efleck@milbank.com;<br><br>         gbray@milbank.com. |

| | | | |
| --- | --- | --- | --- |
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br><br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | Clerk of the United States Bankruptcy Court<br>One Bowling Green<br>New York, New York 10004 | Hours Open  8:30 am – 5:00 pm<br><br>Contact phone  (212) 668-2870 |
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | _____ at _____<br>Date               Time<br>The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | Location: |

| | | |
|---|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:** | Not yet set.  If a deadline is set, the court will send you another notice. |

**7. Proof of claim deadline**

**Deadline for filing proof of claim:** Not yet set.  If a deadline is set, the court will send you another notice.

A proof of claim is a signed statement describing a creditor's claim.  A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**8. Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).

**Deadline for filing the complaint:** _____

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**10. Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan.  A plan is not effective unless the court confirms it.  You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan.  You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11. Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

**EXPLANATIONS**                                       **B9F (Official Form 9F) (12/12)**

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the Debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows the Debtors to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office, the Office of the United States Trustee, and the Debtors' noticing and claims agent cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these Chapter 11 Cases. However, parties can obtain a copy of all documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by (i) contacting the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER http://www.pacer.psc.uscourts.gov password and login are needed to access documents on the Court's website), or (iii) accessing the Debtors' noticing and claims agent's website at http://www.kccllc.net/avianca. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office or at the Debtors' noticing and claims agent's website at http://www.kccllc.net/avianca. You may look at the schedules that will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br><br>*Do not include this notice with any filing you make with the court.* |

| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
|---|---|
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

**Attachment 1**

| All Other Names Debtors Used in the Last 8 Years | |
|---|---|
| SK Holding Ltd | Líneas Aéreas Costarriceses S.A. |
| AviacaTaca Ltd | Aerolíneas Galáplagos S.A. (AEROGAL) |
| AviancaTaca Holding S.A. | Aereos Mercantiles Panamericanos S.A. |
| Tampa Cargo S.A. | Aerolineas Tampa Carga S.A. |