**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :  Chapter 11
                                                               :
AVIANCA HOLDINGS S.A., et al.,[1]                              :  Case No. 20-11133 (MG)
                                                               :
                            Debtors.                           :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 363(B) AND 105(A) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO PAY CERTAIN OBLIGATIONS OF AVIANCA PERU ENTITIES

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), seeking entry of an order pursuant to sections 363(b) and 105(a) of the Bankruptcy Code authorizing, but not directing, the Debtors to pay certain employee obligations, and other liquidation-related expenses of non-Debtor Avianca Peru S.A. and its affiliates, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A). The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the Motion and the *Declaration of Lucia Avila* in support of the Motion; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and all of the proceedings had before the Court; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED and approved to the extent provided herein.

2. The Debtors are hereby authorized, but not directed, to pay, in their sole discretion, the Peru Employee Obligations and any other costs associated with the liquidation of the Peru Entities up to an aggregate cap of $7 million.

3. Authorization to pay and/or honor all Peru Employee Obligations shall not affect the Debtors' or their affiliates' rights to contest the amount or validity of any Peru Employee Obligations, including any amounts that may be due to any taxing authority.

4. The Debtors shall not make any payments (i) on account of the Peru Employee Obligations or other liquidation expenses of the Peru Entities without notice to the Committee, or (ii) on account of the Peru Employee Obligations more than 24 hours prior to the expiration of the applicable Grace Period without the consent of the Committee.

5. Nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors of any executory contract or unexpired lease.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is anything herein intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

7. Notwithstanding any applicability of Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief requested in this Order.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Dated: May 26, 2020
        New York, New York

                                        ___*Martin Glenn*___
                                         MARTIN GLENN
                             United States Bankruptcy Judge