**Hearing Date and Time: June 11, 2020 at 2:00 PM (ET)**
**Objection Deadline: June 4, 2020 at 4:00 PM (ET)**

Dennis F. Dunne                          Gregory Bray
Evan R. Fleck                            MILBANK LLP
MILBANK LLP                              2029 Century Park East, 33rd Floor
55 Hudson Yards                          Los Angeles, CA 90067
New York, New York 10001                 Telephone: (424) 386-4000
Telephone: (212) 530-5000                Facsimile:  (213) 629-5063
Facsimile:  (212) 530-5219

*Proposed Counsel for Debtors and*
*Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                        :
In re:                                  :        Chapter 11
                                        :
AVIANCA HOLDINGS S.A., *et al.*,[1]     :        Case No. 20-11133 (MG)
                                        :
                    Debtors.            :        (Jointly Administered)
                                        :
-------------------------------------------------------------------x

**NOTICE OF DEBTORS' APPLICATION FOR**
**ENTRY OF ORDER AUTHORIZING EMPLOYMENT**
**AND RETENTION OF SEABURY SECURITIES LLC AND**
**SEABURY INTERNATIONAL CORPORATE FINANCE LLC AS**
**FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTORS**
**AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1]    The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A).  The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

**PLEASE TAKE NOTICE** that a hearing will be held at **2:00 p.m. (prevailing Eastern Time) on June 11, 2020** before the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 to consider *Debtors' Application for Entry of Order Authorizing Employment and Retention of Seabury Securities LLC and Seabury International Corporate Finance LLC as Financial Advisor and Investment Banker to Debtors and Debtors In Possession Nunc Pro Tunc to the Petition Date* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that**,** in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so telephonically through CourtSolutions (www.court-solutions.com). Instructions to register for CourtSolutions LLC are attached to General Order M-543.  Any objections or responses to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the Case Management Order; (c) be filed electronically with this Court on the docket of *In re Avianca Holdings S.A.*, Case 20-11133 (MG) by registered users of this Court's electronic filing system and in accordance with the General Order M-399 (which is available on this Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **June 4, at 4:00 p.m., prevailing Eastern Time**, by: (i) the Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (ii) the Debtors, c/o Avianca Holdings S.A., Avenida Calle 26 # 59 – 15 Bogotá, Colombia (Attn: Richard Galindo); (iii) Milbank LLP, 55 Hudson Yards, New York, New York

10001 (Attn: Evan R. Fleck, Esq. and Gregory A. Bray, Esq.), proposed counsel for the Debtors;

(iv) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick

Street, Room 1006, New York, NY 10014 (Attn: Brian Masumoto, Est. and Greg Zipes, Esq.);

(v) the Securities and Exchange Commission, 100 F Street, NE, Washington, D.C. 20549; (vi) the

Federal Aviation Administration, 800 Independence Ave., S.W. Washington, DC 20591 (Attn:

Office of the Chief Counsel); and (vii) Morrison & Foerster LLP, 250 West 55th Street New

York, NY 10019 (Attn. Brett H. Miller, Esq., Todd M. Goren, Esq. and Erica J. Richards, Esq.),

proposed counsel for the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings

for subsequent hearings may be obtained free of charge by visiting the KCC website at

http://www.kccllc.net/avianca.   You may also obtain copies of any pleadings by visiting at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that *your rights may be affected*.  **You should

read the Application carefully and discuss them with your attorney, if you have one.  If you

do not have an attorney, you may wish to consult with one.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned

thereafter from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do

not object to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief

requested in the Application, or if you want the Court to consider your view on the Application,

then you or your attorney must attend the Hearing.  If you or your attorney do not take these steps,

the Court may decide that you do not oppose the relief sought in the Application and may enter

orders granting the relief requested in the Application with no further notice or opportunity to be

heard.

New York, New York                    /s/ Evan R. Fleck
Dated:  May 28, 2020                  Dennis F. Dunne
                                      Evan R. Fleck
                                      MILBANK LLP
                                      55 Hudson Yards
                                      New York, New York 10001
                                      Telephone:  (212) 530-5000
                                      Facsimile:  (212) 530-5219

                                      - and –

                                      Gregory A. Bray
                                      MILBANK LLP
                                      2029 Century Park East, 33rd Floor
                                      Los Angeles, CA 90067
                                      Telephone:  (424) 386-4000
                                      Facsimile:  (213) 629-5063

                                      *Proposed Counsel for Debtors and Debtors in Possession*

**Hearing Date and Time: June 11, 2020 at 2:00 PM (ET)**
**Objection Deadline: June 4, 2020 at 4:00 PM (ET)**

Dennis F. Dunne                     Gregory Bray
Evan R. Fleck                       MILBANK LLP
MILBANK LLP                         2029 Century Park East, 33rd Floor
55 Hudson Yards                     Los Angeles, CA 90067
New York, New York 10001            Telephone: (424) 386-4000
Telephone: (212) 530-5000           Facsimile:  (213) 629-5063
Facsimile:  (212) 530-5219

*Proposed Counsel for Debtors and*
*Debtors-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                             :
In re:                                       :        Chapter 11
                                             :
AVIANCA HOLDINGS S.A., *et al.*,[1]          :        Case No. 20-11133 (MG)
                                             :
                            Debtors.         :        (Jointly Administered)
                                             :
------------------------------------------------------------------x

**DEBTORS' APPLICATION FOR ENTRY**
**OF ORDER AUTHORIZING EMPLOYMENT**
**AND RETENTION OF SEABURY SECURITIES LLC AND**
**SEABURY INTERNATIONAL CORPORATE FINANCE LLC AS**
**FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTORS**
**AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1]    The Debtors in these Chapter 11 Cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A).  The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

Avianca Holdings S.A. and its above-captioned affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this application (the "Application") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327(a), 328(a), 329, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the employment and retention of Seabury Securities LLC and Seabury International Corporate Finance LLC ("Seabury") as financial advisor and investment banker to the Debtors, *nunc pro tunc* to the Petition Date (as defined below).

In support of this Application, the Debtors rely upon the declaration of Ginger Hughes, Managing Director of Seabury, annexed hereto as **Exhibit B** (the "Hughes Declaration"). In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327 and 330 of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and

2016-1.

### Background

4.      On May 10, 2020 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors'

cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Amended Order*

*(I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket

No. 73].  On May 22, 2020, the United States Trustee for the Southern District of New York

appointed an official committee of unsecured creditors.  See *Notice of Appointment of Official*

*Committee of Unsecured Creditors* [Docket No. 154].  No trustee or examiner has been appointed

in these cases.

6.      Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of*

*Adrian Neuhauser in Support of the Debtors' Chapter 11 Petitions and First Day Orders* (the

"First Day Declaration").[2]

---

[2]      Capitalized terms used but not otherwise defined herein have the respective meanings ascribed to such terms in the First Day Declaration.

**Relief Requested**

7.     The Debtors request entry of the Proposed Order pursuant to sections 327 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing them to retain and employ Seabury as their financial advisors, effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in that certain engagement letter dated April 22, 2020, annexed hereto as **Exhibit C** (the "Engagement Letter").

**Seabury's Qualifications**

8.     The Debtors have determined, in the exercise of their business judgment, that the size and complexity of their business requires them to employ a financial advisor and investment banker with the knowledge of the Debtors' industry and business, as well as experience with the chapter 11 process, to advise the Debtors with respect to these Chapter 11 Cases.  Accordingly, on April 22, 2020, the Debtors engaged Seabury to provide financial, consulting, bankruptcy and restructuring advisory services to them, as set forth in the Engagement Letter.

9.     As described in the Hughes Declaration, Seabury has one of the largest restructuring and management consulting practices in the world dedicated to the transportation sector, with its principal focus on the aviation and aerospace industries.  Seabury has extensive experience working with financially troubled companies in complex financial restructurings both out of court and during Chapter 11 Cases.  Seabury served as advisors with respect to financial restructurings, new capital raising, aircraft advisory services and/or other advisory assignments, to some of the world's largest and most sophisticated airlines, including Air Canada, America West Airlines, Frontier Airlines, Avianca, Continental Airlines, Northwest Airlines, Pinnacle Airlines, and US Airways Group, among others.

10.     Seabury will provide certain investment banking and financial advisory services with respect to implementing a business plan and strategy that is designed to streamline Avianca's cost base and operational efficiency, assisting with Avianca's aircraft finance and fleet restructuring issues, and coordinating and leading airline partner negotiations.   Seabury's resources, capabilities, and experience in advising financially distressed airlines will be crucial to Avianca's success as a reorganized entity.   The experienced investment bankers and financial advisors and consultants at Seabury will fulfill a critical service that complements the services provided by Avianca's other restructuring professionals.  Neither law firms nor accounting firms have the expertise or resources to perform this type of work.  For these reasons, Avianca requires the advisory and investment banking services of Seabury.

## Services to Be Provided

11.     Pursuant to the Engagement Letter, Seabury will provide the following investment banking and financial advisory services (the "Investment Banking and Financial Advisory Services"):[3]

- assist in the evaluation of the Debtors' businesses and prospects;
- assist in the development of the Debtors' long-term business plan and related financial projections;
- assist in the development of financial data and presentations to the Debtors' board of directors, various creditors and other third parties, inclusive, in the case of a court-supervised restructuring, managing daily interactions with any official committee of the unsecured creditors or any other such creditor or stakeholder group;
- analyze the Debtors' financial liquidity and evaluate alternatives to improve such liquidity;
- assist in managing the Debtors' relationships with certain major vendors as a means of minimizing cash requirements leading up to, as well as during, reorganization while maintaining continuity of operations;

---

[3]     The summary of the services and the other Engagement Letter terms included in the Application is provided for purposes of convenience only and is qualified in its entirety by reference to the Engagement Letter.  To the extent that this Application and the terms of the Engagement Agreement are inconsistent, the terms of the Engagement Letter shall control.

- evaluate the Debtors' debt capacity and alternative capital structures;
- analyze various restructuring scenarios and make recommendations with respect to the same to provide strategic advice with regard to restructuring and/or refinancing initiatives and activities;
- assist with the restructuring and/or refinancing of aircraft debt and lease obligations, as necessary under the revised business plan;
- assist with the restructuring and/or refinancing of any material non-aircraft debt and lease obligations as necessary under the revised business plan;
- participate in any other negotiations with the Debtors' creditors, major suppliers, lenders, lessors, OEMs and other interested parties as necessary to effectuate the successful restructuring of the business, including assisting the Debtors and its legal advisors in drawing up a plan of reorganization (the and related disclosure statement;
- assist in such areas as court testimony on matters that are within the scope of this engagement and within Seabury's area of testimonial competency;
- assist the Debtors in soliciting and structuring any form of governmental support that may be potentially available to the Debtors, whether in the context of an out-of-court process, and/or through a court-supervised restructuring;
- if needed, assist the Debtors, through a competitively run process, to secure additional cash liquidity in an out-of-court process, or, in the context of a court-supervised process, secure debtor-in-possession financing;
- if needed, assist the Debtors in securing new sources of permanent debt and/or equity financing either out-of-court, or as exit financing in a court-supervised restructuring;
- in the event of any possible merger, acquisition, divestiture, or asset sale, assist the Debtors in conducting due diligence, negotiating agreements and executing such an M&A transaction; and
- if needed, assist the Debtors with employee compensation concerns, including by (i) preparing an overview of the objectives, alternatives and process for designing and implementing cash- and equity-based incentives for employee compensation, (ii) articulating objects and plan design parameters including eligibility, target payouts, performance metrics and payout timing, and (iii) defining a process for selecting participants and develop a communication and implementation plan.

### **No Duplication of Services**

12.     The services of Seabury will complement and not duplicate the services rendered by any other professional retained in these cases.  As set forth in the Hughes Declaration, Seabury understands that the Debtors have retained and may retain additional professionals during the term of Seabury's engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by all professionals on behalf of the Debtors.  Seabury is providing

distinct and specific investment banking and financial advisory services as set forth in the Engagement Letter, and such services are not expected to duplicate those to be provided by any other consultants, legal advisors, or financial advisors, including, without limitation, FTI Consulting, Inc. ("FTI")  Seabury's expertise and focus are very much concerned with airline- and aircraft-related matters; FTI's focus has been and will continue to be on more general financial and operational matters.  Seabury, in consultation with the Debtors, FTI and Milbank, will ensure that the scope of the work it undertakes does not overlap materially with that performed by FTI.

### Professional Compensation

13.     Seabury's retention by Avianca is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment.  In accordance with section 330(a) of the Bankruptcy Code, the Bankruptcy Rules and Orders of this Court, Seabury will apply to the Court for compensation, including retainer, monthly fees and success fees, and reimbursement of expenses, as set forth in more detail in the Engagement Letter and in the Hughes Declaration (the "Fee and Expense Structure").  Seabury acknowledges that all compensation will be subject to this Court's review and approval, after notice and a hearing.

14.     The Debtors believes that this fee arrangement, which is similar to fee arrangements authorized in other Chapter 11 Cases in which Seabury has rendered services, is reasonable in light of industry practice, market rates both in and out of chapter 11 proceedings, Seabury's experience in reorganizations, and the scope of work to be performed pursuant to its retention.  Avianca believes that given the nature of the services to be provided, the above Fee and Expense Structure is both fair and reasonable.  Avianca believes that Seabury is eminently qualified to serve Avianca in this case, and that the retention of Seabury is in the best interest of Avianca, its estates, creditors, and shareholders.  Avianca is advised that Seabury intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these

7

Chapter 11 Cases, subject to this Court's approval, in accordance with Fee and Expense Structure in the Engagement Letter, to which Avianca respectfully refers this Court for a full recitation, and in compliance with General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (collectively, the "Fee Guidelines"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the "Orders"), both in connection with this application and the interim and final fee applications to be filed by Seabury in these Chapter 11 Cases. Moreover, Avianca is advised that Seabury intends to make a reasonable effort to comply with the Office of the United States Trustee for the Southern District of New York's requests for information and additional disclosures as set forth in the Fee Guidelines. While it is not Seabury's normal practice, Seabury will maintain time records of its professionals in half-hour increments and provide a description of the efforts devoted by them in rendering the services. Seabury will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the services provided to Avianca during these cases.

## Indemnification Provisions

15.     As part of the overall compensation payable to Seabury under the terms of the Engagement Agreement, the Debtors have agreed to certain indemnification and contribution provisions described in the Engagement Letter (the "Indemnification Provisions"). As more fully set forth in the Engagement Letter, the Indemnification Provisions provide that the Debtors will indemnify and hold harmless Seabury and any of its subsidiaries and affiliates, officers, directors,

8

principals, shareholders, agents, independent contractors and employees (collectively, including Seabury, the "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of or relating to the retention of Seabury, the execution and delivery of the Engagement Letter, the provision of the services thereunder or other matters relating to or arising from the Engagement Letter, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined to have resulted from the gross negligence or willful misconduct of the applicable Indemnified Person(s) (an "Adverse Determination").   The Debtors have agreed to pay damages and expenses, including reasonable legal fees and disbursements of counsel as incurred in advance.  Seabury has agreed that it will reimburse any amounts paid in advance to the extent they relate to an Adverse Determination.

16.    The terms of the Engagement Letter, including the Indemnification Provisions, were negotiated between the Debtors and Seabury at arm's length, and the Debtors respectfully submit that the Indemnification Provisions, as modified by the Proposed Order, are customary, reasonable and in the best interests of the Debtors, their estates and creditors.  Accordingly, as part of this Application, the Debtors request that this Court approve the Indemnification Provisions as modified by the Proposed Order.

## Seabury's Disinterestedness

17.    As set forth in the Hughes Declaration, Seabury has represented to the Debtors that it has not represented and will not represent any parties other than the Debtors in these Chapter 11 Cases or in connection with any matter that would be adverse to the Debtors arising from, or related to, these Chapter 11 Cases.  Upon review of its client database, Seabury has learned that it has, or has had in the past three years, current or recent former clients who participated in cases involving

certain creditors of the Debtors and other parties in interest as more fully discussed in the Hughes Declaration.

18.     To the best of the Debtors' knowledge: (a) Seabury is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and (b) except to the extent disclosed in the Hughes Declaration, Seabury has no connection to the Debtors, their creditors, the U.S. Trustee, or any other party with an actual or potential interest in the Debtors' cases or their attorneys or accountants, except as otherwise noted in the Hughes Declaration.  Seabury has agreed that, to the extent any new relevant facts or relationships are discovered or arise, Seabury will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Basis for Requested Relief

19.     The Debtors seek authority to retain and employ Seabury as their financial advisor under section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title."  11 U.S.C. § 327(a).  Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).  As discussed above and as further detailed in the Hughes Declaration, to the best of the Debtors' knowledge, Seabury is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates.

20.     The Debtors believe that the Fee and Expense Structure is reasonable and market-based and should be approved under section 327 of the Bankruptcy Code.  The Fee and Expense Structure adequately reflects: (a) the nature of the services to be provided by Seabury and (b) the fees and expenses and indemnification provisions typically utilized by Seabury and other leading financial advisory and consulting firms.  Seabury intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and applicable Bankruptcy Rules, Local Bankruptcy Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court, with certain limited modifications as set forth in the Proposed Order.

21.     In light of the foregoing, the Debtors submit that the relief requested in the Application is in the best interests of their estates and creditors and the Court should approve the retention and employment of Seabury pursuant to the terms set forth herein and in the Engagement Agreement.

### *Nunc Pro Tunc* Relief Is Warranted

22.     The Debtors believe that employment of Seabury effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of these cases so that Seabury may be compensated for the services it performed prior to entry of an order approving Seabury's retention. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* effectiveness of Seabury's employment because Seabury has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

## **Notice**

23.    Notice of this Application has been provided in accordance with the procedures set for in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 47]. The Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.


Dated:  May 28, 2020                                  /s/ Richard Galindo
                                                       Richard Galindo
                                                       General Legal Director
                                                       Avianca Holdings S.A.

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------x
                                      :
In re:                                :    Chapter 11
                                      :
AVIANCA HOLDINGS S.A., et al.,¹       :    Case No. 20-11133 (MG)
                                      :
               Debtors.               :    (Jointly Administered)
                                      :
---------------------------------------------------------x
```

## ORDER AUTHORIZING DEBTORS TO
## EMPLOY AND RETAIN SEABURY SECURITIES LLC AND
## SEABURY INTERNATIONAL CORPORATE FINANCE LLC AS
## FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTORS
## AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, for authority to retain and employ Seabury Securities LLC and Seabury International Corporate Finance LLC ("Seabury") to serve as the Debtors' as financial advisor and investment banker, effective *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the

---

¹    The Debtors in these Chapter 11 Cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A).  The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

²    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

Engagement Letter, all as more fully set forth in the Application; and upon consideration of the declaration of the Hughes Declaration and the First Day Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided in accordance with the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 47], and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief sought in the Application is in the best interests of the Debtors' estates and their creditors; and the legal and factual bases set forth in the Application establishing just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Application is approved to the extent set forth herein.

2.      The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain and employ Seabury as their financial advisor and investment banker in accordance with the terms and conditions of the Engagement Letter, as modified herein, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to Seabury on the terms set forth in the Engagement Letter.

3.      The terms of the Engagement Letter, as modified by this Order, are approved in all respects except as limited or modified herein.

4.      Notwithstanding anything to the contrary in the Engagement Letter or the Application, to the extent that the Debtors request Seabury to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further approval by the Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

5.      Notwithstanding anything to the contrary contained herein or in the Application or Engagement Letter, Seabury shall file interim and final fee applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other Orders of the Court.

6.      Prior to any increase in Seabury 's rates, Seabury shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and the Official Committee of Unsecured Creditors, which supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rate increases are subject to review by the Court.

7.      The Indemnification Provisions are approved; provided, however, that all requests by Seabury for the payment of indemnification shall be made by means of an application to this Court and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, further, however, that in no event shall Seabury be indemnified in the case of its own bad faith, self-dealing, breach of

3

fiduciary duty (if any), gross negligence, or willful misconduct.  In the event that Seabury seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Seabury's own applications but determined by this Court after notice and a hearing, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.      To the extent there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, this Order shall govern.

9.      Notice of the Application is adequate under Bankruptcy Rule 6004(a).

10.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
        New York, New York

                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Ginger Hughes Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                :

In re:                              :        Chapter 11
                                :

AVIANCA HOLDINGS S.A., *et al.*,[1]    :        Case No. 20-11133 (MG)
                                :

            Debtors.        :        (Jointly Administered)
                                :

--------------------------------------------------------------x

## DECLARATION OF GINGER HUGHES
## IN SUPPORT OF THE APPLICATION OF DEBTORS
## FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT
## AND RETENTION OF SEABURY SECURITIES LLC AND
## SEABURY INTERNATIONAL CORPORATE FINANCE LLC AS
## FINANCIAL ADVISOR AND INVESTMENT BANKER TO DEBTORS
## AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Ginger Hughes, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1.      I am a Managing Director at Seabury International Corporate Finance LLC and its

FINRA-regulated broker-dealer affiliate, Seabury Securities LLC (collectively, "Seabury"), as a

financial advisor and investment banker with numerous offices throughout the United States. I am

duly authorized to make this declaration (the "Declaration") on behalf of Seabury and submit this

---

[1]    The Debtors in these Chapter 11 Cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: Avianca Holdings S.A. (N/A); Aero Transporte de Carga Unión, S.A. de C.V. (N/A); Aeroinversiones de Honduras, S.A. (N/A); Aerovías del Continente Americano S.A. Avianca (N/A); Airlease Holdings One Ltd. (N/A); America Central (Canada) Corp. (00-1071563); America Central Corp. (65-0444665); AV International Holdco S.A. (N/A); AV International Holdings S.A. (N/A); AV International Investments S.A. (N/A); AV International Ventures S.A. (N/A); AV Investments One Colombia S.A.S. (N/A); AV Investments Two Colombia S.A.S. (N/A); AV Taca International Holdco S.A. (N/A); Avianca Costa Rica S.A. (N/A); Avianca Leasing, LLC (47-2628716); Avianca, Inc. (13-1868573); Avianca-Ecuador S.A. (N/A); Aviaservicios, S.A. (N/A); Aviateca, S.A. (N/A); Avifreight Holding Mexico, S.A.P.I. de C.V. (N/A); C.R. Int'l Enterprises, Inc. (59-2240957); Grupo Taca Holdings Limited (N/A); International Trade Marks Agency Inc. (N/A); Inversiones del Caribe, S.A. (N/A); Isleña de Inversiones, S.A. de C.V. (N/A); Latin Airways Corp. (N/A); Latin Logistics, LLC (41-2187926); Nicaraguense de Aviación, Sociedad Anónima (Nica, S.A.) (N/A); Regional Express Américas S.A.S. (N/A); Ronair N.V. (N/A); Servicio Terrestre, Aereo y Rampa S.A. (N/A); Servicios Aeroportuarios Integrados SAI S.A.S. (92-4006439); Taca de Honduras, S.A. de C.V. (N/A); Taca de México, S.A. (N/A); Taca International Airlines S.A. (N/A); Taca S.A. (N/A); Tampa Cargo S.A.S. (N/A); Technical and Training Services, S.A. de C.V. (N/A). The Debtors' principal offices are located at Avenida Calle 26 # 59 – 15 Bogotá, Colombia.

Declaration in support of the Debtors' application (the "Application"),[2] pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, for authority to retain and employ Seabury, as financial advisor and investment banker to the Debtors, *nunc pro tunc* to May 10, 2020 (the "Petition Date") upon the terms and conditions set forth in the Application and the Engagement Agreement.

2.      Except as otherwise stated in the Application, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.  Certain of the disclosures set forth herein are related to matters within the knowledge of other employees of Seabury and are based on information provided to me by them.

### Seabury's Qualifications

3.      Seabury is recognized for its expertise in providing investment banking and financial advisory services to airlines and their shareholders, in financially distressed situations, including advising debtors, creditors and other constituents in chapter 11 proceedings and serving as financial advisor in numerous cases.

4.      I have previously worked on many chapter 11 restructurings, advising both debtors and creditors in various cases and have vast experience working with companies in distressed situations.  Selected current and previous advisory assignments in which I have participated include: Air Canada, Frontier Airlines, Northwest Airlines and US Airways.

5.      Since March 15, 2020, Seabury has rendered investment banking and financial advisory services to the Debtors in connection with their restructuring efforts.  Seabury has become familiar with the Debtors' operations and is well qualified to represent the Debtors as investment

---

[2]     Capitalized terms used but not otherwise defined herein have the respective meanings ascribed to them in the Application.

banker and financial advisor in connection with such matters in a cost-effective and efficient manner.

### Services to be Provided

6.      The parties have entered into an agreement that would govern the relationship between Seabury and the Debtors, a copy of which is attached as **Exhibit C** to the Application (the "Engagement Letter").  Pursuant to the Engagement Letter, Seabury will provide the following investment banking and financial advisory services (the "Investment Banking and Financial Advisory Services"):[3]

- assist in the evaluation of the Debtors' businesses and prospects;
- assist in the development of the Debtors' long-term business plan and related financial projections;
- assist in the development of financial data and presentations to the Debtors' board of directors, various creditors and other third parties, inclusive, in the case of a court-supervised restructuring, managing daily interactions with any official committee of the unsecured creditors or any other such creditor or stakeholder group;
- analyze the Debtors' financial liquidity and evaluate alternatives to improve such liquidity;
- assist in managing the Debtors' relationships with certain major vendors as a means of minimizing cash requirements leading up to, as well as during, reorganization while maintaining continuity of operations;
- evaluate the Debtors' debt capacity and alternative capital structures;
- analyze various restructuring scenarios and make recommendations with respect to the same to provide strategic advice with regard to restructuring and/or refinancing initiatives and activities;
- assist with the restructuring and/or refinancing of aircraft debt and lease obligations, as necessary under the revised business plan;
- assist with the restructuring and/or refinancing of any material non-aircraft debt and lease obligations as necessary under the revised business plan;
- participate in any other negotiations with the Debtors' creditors, major suppliers, lenders, lessors, OEMs and other interested parties as necessary to effectuate the successful restructuring of the business, including assisting the

---

[3]     The summary of the services and the other Engagement Letter terms included in the Application is provided for purposes of convenience only and is qualified in its entirety by reference to the Engagement Letter.  To the extent that this Application and the terms of the Engagement Agreement are inconsistent, the terms of the Engagement Letter shall control.

Debtors and its legal advisors in drawing up a plan of reorganization (the and related disclosure statement;

- assist in such areas as court testimony on matters that are within the scope of this engagement and within Seabury's area of testimonial competency;
- assist the Debtors in soliciting and structuring any form of governmental support that may be potentially available to the Debtors, whether in the context of an out-of-court process, and/or through a court-supervised restructuring;
- if needed, assist the Debtors, through a competitively run process, to secure additional cash liquidity in an out-of-court process, or, in the context of a court-supervised process, secure debtor-in-possession financing;
- if needed, assist the Debtors in securing new sources of permanent debt and/or equity financing either out-of-court, or as exit financing in a court-supervised restructuring;
- in the event of any possible merger, acquisition, divestiture, or asset sale, assist the Debtors in conducting due diligence, negotiating agreements and executing such an M&A transaction; and
- if needed, assist the Debtors with employee compensation concerns, including by (i) preparing an overview of the objectives, alternatives and process for designing and implementing cash and equity-based incentives for employee compensation, (ii) articulating objects and plan design parameters including eligibility, target payouts, performance metrics and payout timing, and (iii) defining a process for selecting participants and develop a communication and implementation plan.

## No Duplication of Services

7.    Seabury understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by all professionals on behalf of the Debtors.  I believe that Seabury is providing distinct and specific financial advising and consulting services, and such services are not expected to duplicate those to be provided by any other consultants or advisor, including, without limitation, FTI Consulting, Inc. ("FTI").  Seabury's expertise and focus are very much concerned with airline- and aircraft-related matters; FTI's focus has been and will continue to be on more general financial and operational matters.  Seabury, in consultation with the Debtors, FTI and Milbank, will ensure that the scope of the work it undertakes does not overlap materially with that performed by FTI.

4

### Professional Compensation

8.      Seabury has agreed to represent the Debtors for compensation at the amounts agreed upon between the parties pursuant to the Engagement Letter.  As more fully described in the Engagement Letter, in consideration of the Investment Banking and Financial Advisory Services provided by Seabury, the Debtors have agreed to pay Seabury:

(a) A monthly retainer (the "Retainer Fees") of $450,000 per month, *provided*, *however*, such Retainer Fees shall step down to $350,000 from October 1, 2020 going forward, of which fifty percent (50%) of the first four (4) months' payments shall be creditable against any Restructuring Success Fees, DIP Loan Success Fee, Permanent Debt Financing Success Fees, Equity Success Fees, M&A Success Fees, Success Fee Cap, and Adjusted Success Fee Cap (as provided below) paid to Seabury by the Debtors;

(b) A Restructuring Success Fee – the Debtors shall pay a financial restructuring success fee (the "Restructuring Success Fee"), subject to provisions of an overall success fee cap outlined below, equal to $6,500,000 upon the conclusion of an out-of-court restructuring or consummation of a plan of reorganization (a "Financial Restructuring");

(c) DIP Loan Success Fee – the Debtors shall pay 2.5% of any new money DIP Loan commitments (each a "DIP Loan Transaction") to the extent that such DIP Loans are approved by final order of the bankruptcy court and the loan proceeds thereof are distributed to the Debtors in cash (the "DIP Loan Success Fee"); *provided*, *however*, that (i) such DIP Loan Success Fee shall be reduced by ninety percent (90%) for any principal amount of such commitments that are provided by existing stakeholders and/or any governmental entity, and (ii) fifty percent (50%) of such DIP Loan Success Fees shall be creditable to any Exit Financing Success Fees (as defined below) in proportion to the same entities providing any portion of any Exit Financing

(d) Permanent Debt Financing Success Fees – the Debtors shall pay debt success fees ("Debt Success Fees") for any new debt financing capital provided to the Company (each a "Debt Financing Transaction") as follows:

   a. Senior Secured Debt Financing – one and one-half percent (1.5%) of debt principal
   b. Subordinated Secured Debt Financing – two and one-half percent (2.5%) of debt principal
   c. Unsecured Debt Financing – thee percent (3.0%) of debt principal

*provided*, *however*, such Debt Financing Success Fees shall be reduced by ninety percent (90%) for any portion of the debt provided by existing stakeholders of the Debtors and/or any governmental entity.

(e) An Equity Transaction Fee – the Debtors shall pay equity success fees ("Equity Success Fees") for any new equity capital provided to the Debtors (each an "Equity Financing Transaction") in accordance with the following:

    a. first US $100 million, three and one-half percent (3.5%) of equity funding; and

    b. thereafter, two and one-half percent (2.5%) of equity funding.

*provided*, *however*, such Equity Success Fees shall be reduced by ninety percent (90%) for any portion of the existing $375 million senior secured convertible debt facility (the "Stakeholder Facility") which is converted into equity and also such ninety percent (90%) discount shall apply the Equity Success Fees payable to Seabury upon the conversion of any portion of a government funded DIP Loan into exit equity financing for the Debtors;

(f) M&A Success Fee – the Debtors shall pay an M&A success fee (an "M&A Success Fee") for any M&A transaction (an "M&A Transaction") completed equal to one-quarter of one percent (0.25%) of the of the Transaction Value; where "Transaction Value" means for the Company's operations sold the sum of (A) Adjusted Net Debt (using a multiple of seven times annual aircraft and engine lease payment obligations) assumed or refinanced, plus (B) any additional consideration provided to the Debtors' stakeholders and creditors, or paid to or received by the Debtors, in connection with an M&A Transaction in respect of assets or outstanding securities on a fully diluted basis.

(g) Success Fee Cap – all Success Fees earned under this Agreement shall be subject to an overall cap (the "Success Fee Cap") equal to $10,000,000 if the Financial Restructuring is completed by September 30, 2020 or $13,000,000 thereafter, *provided* that level shall be increased by $250,000 for each month of the engagement beyond twelve (12) months from the date hereof; *provided*, *however*, in the event of either (a) a new money Equity Financing Transaction or (b) an M&A Transaction, the such Success Fee Cap shall be subject to the provisions of Adjusted Success Fee Cap as set forth below.

(h) Adjusted Success Fee Cap – the Success Fee Cap shall be further adjusted (the "Adjusted Success Fee Cap") in the event of (a) new money raised via an Equity Financing Transaction and/or (b) an M&A Transaction by taking the lesser of (A) fifty percent (50%) of the Equity Transaction Success Fee plus fifty percent (50%) of the M&A Transaction Success Fee, if applicable, or (B) a fifty percent increase in the Success Fee Cap; *provided however*, such increase in the Success Fee Cap shall be applied only once even if both an Equity Financing Transaction and an M&A Transaction are applicable.

9.      In the event of the expiration of or a termination without cause of the Engagement Letter, the Debtors shall pay Seabury all compensation as described in and pursuant to the conditions of Section 2 of the Engagement Letter, that has accrued prior to such expiration or termination but is unpaid, and expense reimbursements otherwise payable under this Engagement Letter;

10.     Except for Termination for Cause, the Debtors shall be obliged to pay all Success Fees to Seabury upon a substantial consummation of a Financial Restructuring, or completion of any DIP Loan Transaction, any Debt Financing Transaction, any Equity Financing Transaction and/or any M&A Transaction that would otherwise be payable to Seabury under Section 2 if such transactions occur within eighteen (18) months from any termination by the Debtors; and

11.     Seabury will submit expense invoices to the Debtors monthly, and include adequate detail including employee name, date of expense charge and amount.  In addition to providing detail with respect to its expenses as required in connection with monthly invoices and any fee applications to be filed with the Bankruptcy Court, upon request by the Debtors, Seabury shall provide the Debtors with documentation supporting Seabury's expenses sufficient for the Debtors and its representatives to review and/or audit Seabury's expenses during normal business hours.

12.     Seabury will seek compensation and reimbursement of expenses, as specified in the Engagement Letter, with the payment of such fees and expenses to be approved in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of this Court.

13.     As of the Petition Date, Seabury had been compensated by the Debtors for approximately $675,000 in fees as well as the payment of a $900,000 deposit in accordance with

the terms of the Engagement Letter.  After giving effect to the application of its final prepetition

charges, Seabury now holds a deposit in the approximate amount of $900,000.

14.      Based on its experience and independent analysis, Seabury believes that the fees

set forth herein are fair and reasonable.  Seabury believes that the fees set forth herein reflect the

nature and scope of the services to be provided by Seabury.  Seabury has substantial experience

with respect to financial advisory services, and its fee structures are similar to those typically

utilized by other leading financial advisors which do not bill their clients on an hourly basis.

### Indemnification Provisions

15.      As part of the overall compensation payable to Seabury under the terms of the

Engagement Agreement, the Debtors have agreed to certain indemnification and contribution

provisions described in the Engagement Letter (the "Indemnification Provisions").  As more fully

set forth in the Engagement Letter, the Indemnification Provisions provide that the Debtors will

indemnify and hold harmless Seabury and any of its subsidiaries and affiliates, officers, directors,

principals, shareholders, agents, independent contractors and employees (collectively, including

Seabury, the "Indemnified Persons") from and against any and all claims, liabilities, damages,

obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of

investigation) arising out of or relating to the retention of Seabury, the execution and delivery of

the Engagement Letter, the provision of the services thereunder or other matters relating to or

arising from the Engagement Letter, except to the extent that any such claim, liability, obligation,

damage, cost or expense shall have been determined to have resulted from the gross negligence or

willful misconduct of the applicable Indemnified Person(s) (an "Adverse Determination").  The

Debtors have agreed to pay damages and expenses, including reasonable legal fees and

disbursements of counsel as incurred in advance.  Seabury has agreed that it will reimburse any

amounts paid in advance to the extent they relate to an Adverse Determination.

8

16.     The terms of the Engagement Letter, including the Indemnification Provisions, were negotiated between the Debtors and Seabury at arm's length, and the Debtors respectfully submit that the Indemnification Provisions, as modified by the Proposed Order, are customary, reasonable and in the best interests of the Debtors, their estates and creditors.  Accordingly, as part of this Application, the Debtors request that this Court approve the Indemnification Provisions as modified by the Proposed Order.

### Seabury's Disinterestedness

17.     Based on the results of the conflict search conducted to date and described more fully below, to the best of my knowledge, neither I, Seabury nor any member or employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, other parties-in-interest (as reasonably known to us), their respective attorneys, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee, except as disclosed or otherwise described herein.

18.     To the best of the Debtors' knowledge, and as disclosed in this Declaration, (a) Seabury and its professionals are "disinterested" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and none holds nor represents any interest adverse to the Debtors and their estates for the matters for which Seabury is to be employed and (b) Seabury has no connection to the Debtors, their creditors or their related parties herein except as disclosed herein.  This Declaration contains information available to date on Seabury's connections with other parties in interest, as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

19.     Seabury has informed the Debtors that Seabury will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Seabury will supplement its disclosure to the Court.

20.     As part of its diverse practice, Seabury appears in numerous cases, proceedings and transactions involving attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties-in-interest in the Chapter 11 Cases.  Further, Seabury has in the past, and may in the future, be represented by attorneys and law firms in the legal community, some of whom may be involved in these proceedings.  In addition, Seabury has in the past and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to these cases.

21.     Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors herein in matters upon which Seabury is to be employed.

22.     To ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules regarding disclosure, Seabury has searched its client database to compare it with the list of potential parties in interest provided to Seabury by the Debtors (the "Potential Parties in Interest") to determine whether Seabury had any relationships with any of these Potential Parties in Interest.  The list of the entities searched is attached hereto as Schedule 1.

23.     To the extent the search indicated that Seabury (or any of its partners or employees) has or had a relationship with any Potential Party in Interest within the last three years, the identity of such entity, and Seabury's relationship therewith, are set forth below.  This process is conducted by Seabury's compliance department, and in connection therewith, the following specific disclosures are made:

- Seabury served as co-M&A advisor to United Airlines from June 2016 – November 2018 with respect to ultimately a transaction between United Airlines and Synergy Group with respect to making a loan to a special purpose company,

BRW Aviation Inc., secured by common stock of the Avianca Holdings, S.A. owned by BRW.

- Seabury served as investment banker and restructuring advisor to the Debtors from June 2019 – January 2020 with respect to the successful out-of-court restructuring of the Debtors' $4.5 billion of debt and lease obligations and advise on placing the $375 million of convertible secured loan facility involving, among other lenders, United, Kingsland, Citadel and two Latin American investor groups.

- Seabury provided certain consulting services from February – March 2020 to the Debtors with respect labor negotiations and airport operations where such services were entirely subcontracted to Seabury Consulting, which is a unit of Accenture LLP ("Accenture").

- Seabury also advised the Debtors from December 2019 – February 2020 with respect to (i) executing a leasing commitment for a minimum of ten A320neos from BOC Aviation and (ii) nine sale/leaseback transactions involving A320ceos that were successfully executed between the Debtors and Avolon from January-February 2020.

- The parent company of Seabury, Seabury Capital Group LLC ("SCG") sold its Seabury Consulting and Corporate Advisory businesses ("Seabury Consulting") to Accenture in March 2017. As part of that sale, SCG moved approximately 120 professionals to Accenture in March 2017. Accenture and SCG have an ongoing "alliance agreement" (the "Alliance Agreement") under which the parties jointly market certain advisory services to the aviation sector, and under which Accenture has provided its Seabury Consulting professionals as subcontractors to SCG or its subsidiaries, including SICF *(as mentioned above)*.

- Over the past three years, nine employees of Seabury Securities were employed by Accenture's Seabury Consulting unit. The former Accenture employees now working for Seabury are Michael B. Cox; Ginger Hughes; Alexis Fekete; Kenneth Raff; Neal Wesson; Ross McKenzie; Michael Mason; Michael Lypka and Theo Kitsanelis. Overall, SCG and its subsidiaries and affiliates employ over 225 individuals worldwide, and over 30 individuals in its investment banking and advisory groups. None of these individuals have any remaining relationship with Accenture.

- John E. Luth, Chairman, President & CEO and sole or majority shareholder of SCG, SICF and Seabury Securities ("Mr. Luth"), also served in a dual capacity as Chairman & CEO of Accenture's Seabury Consulting unit from March 2017 – April 2020. As of May 1, 2020, Mr. Luth stepped down from that role and now serves as a part-time (roughly 25% Mr. Luth's typical work week) senior advisor

to Accenture on matters not pertaining to the Debtors. Mr. Luth has specifically recused himself from all matters between Accenture and the Debtors and will not receive any current or deferred compensation from Accenture with respect to any matter involving the Debtors.

- None of SCG, SICF or Seabury Securities, or any of their subsidiaries or affiliates, is a creditor to any of the Debtors.

- While Accenture has approximately $2.36 million of trade payable obligations owing by the Debtors, none of those payment obligations related to any of the previously provided advisory services provided by Seabury Consulting.

24.    A list of current and former clients of Seabury over the past three years is attached as <u>Schedule 2</u>. Seabury may have in the past represented, and likely in the future will represent parties-in-interest in these Chapter 11 Cases in connection with matters unrelated to the Debtors and the Chapter 11 Cases (except as described above)[4].

25.    However, Seabury has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, the Chapter 11 Cases. If this Court approves the proposed employment of Seabury by the Debtors, Seabury will not accept any engagement or perform any services for any entity or person other than the Debtors in this situation. Seabury will, however, continue to provide professional services to entities or persons that may be creditors of the Debtors or parties in interest in the Chapter 11 Cases; provided, however, that such services do not relate to, or have any direct connection with, the Chapter 11 Cases.

---

[4]    For example, many other airlines, some of whom may be Seabury clients, may also be creditors of the Debtors in amounts not yet liquidated as participants in the IATA and other clearinghouses.

12

26.    I have read the Application and, to the best of my knowledge, information and belief, the contents of the Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 28, 2020

SEABURY INTERNATIONAL
CORPORATE FINANCE LLC


By:    /s/ Ginger Hughes
Name:  Ginger Hughes
Title:   Managing Director

## **Schedule 1**

## **Potential Parties in Interest**

## Debtors

Grupo Taca Holdings Limited
International Trade Marks Agency Inc.
Inversiones del Caribe, S.A.
Islena de Inversiones S.A. de C.V.
Latin Airways Corp.
Latin Logistics, LLC
Regional Express Americas S.A.S.
Ronair N.V.
Servicios Aeroportuarios Integrados SAI
S.A.S.
Taca de Honduras S.A. de C.V.
Taca International Airlines, S.A.
Taca S.A.
Tampa Cargo S.A.S.
Aero Transporte de Carga Union, S.A. de
C.V.
Aeroinversiones de Honduras, S.A.
Aerovias del Continente Americano S.A.
Avianca
Airlease Holdings One Ltd.
Avianca Costa Rica S.A.
Avianca Holdings S.A.
Avianca, Inc.
Avianca Leasing, LLC
Avianca-Ecuador S.A.
Aviateca, S.A.
AV International Holdco S.A.
AV International Holdings S.A.
AV International Investments S.A.
AV International Ventures S.A.
AV Investments One Colombia S.A.S.
AV Investments Two Colombia S.A.S.
AV Taca International Holdco S.A.
Avifreight Holding Mexico, S.A.P.I. de C.V.
Technical and Training Services, S.A. de
C.V.
Servicio Terrestre, Aereo y Rampa S. A.
Aviaservicios, S.A.
America Central Corp.
Taca De Mexico, S.A.
Nicaraguense de Aviacion, S.A.
America Central (Canada) Corporation
C.R. Int'l Enterprises Inc. EEUU

## Non-Debtors

A.C.S. Air Cargo, Inc. (EEUU – FL)
Aerospace Investments Limited (Bahamas)
Air Galapagos, LLC (EEUU – FL)
Airlease Eighteen Limited (Bahamas)
Airlease Eleven Limited (Bahamas)
Airlease Fifteen Limited (Bahamas)
Airlease Fourteen Limited (Bahamas)
Airlease Nineteen Limited (Bahamas)
Airlease One Limited (Bahamas)
Airlease Seventeen Limited (Bahamas)
Airlease Sixteen Limited (Bahamas)
Airlease Thirteen Limited (Bahamas)
Airlease Thirty Limited (Bahamas)
Airlease Thirty One Limited (Bahamas)
Airlease Twelve Limited (Bahamas)
Airlease Twenty Eight Limited (Bahamas)
Airlease Twenty Five Limited (Bahamas)
Airlease Twenty Four Limited (Bahamas)
Airlease Twenty Limited (Bahamas)
Airlease Twenty Nine Limited (Bahamas)
Airlease Twenty One Limited (Bahamas)
Airlease Twenty Seven Limited (Bahamas)
Airlease Twenty Six Limited (Bahamas)
Airlease Twenty Three Limited (Bahamas)
Airlease Twenty Two Limited (Bahamas)
Airlease Two Limited (Bahamas)
Amerícan Vacations S.A.S. (Colombia)
Atlantic Aircraft Holding Ltd. (Bahamas)
Atlantic Aircraft Holding Two Ltd
(Bahamas)
AV Loyalty Bermuda Ltd. (Bermuda)
AVA Leasing I, LLC (EEUU – DE)
Aviacorp Enterprises, S.A. (Panama)
Aviation Leasing Services (ALS)
Investments S.A. (Panama)
AVLog do Brasil Representações Ltda.
(Brazil)
Éxito Viajes y Turismo S.A.S. (Colombia)
FM Aviation Inc. (Bahamas)
Ground Handling Air Services Nicaragua,
S.A. (Nicaragua)
Grupo Taca de Chile S.A. (Chile)
Grupo Taca de Panama, S.A. (Panama)
Grupo Taca del Peru S.A.C. (Peru)
Grupo Taca S.A. (Costa Rica)

Inmobiliaria Gama Tres, S.A. (Costa Rica)
Intercontinental Equipment Corporation
Limited (Bahamas)
Inversiones Aereas Inca S.A.C. (Perú)
Inversiones Kigali S.A.C. (Perú)
Latin Logistics Colombia S.A.S. (Colombia)
LifeMiles Fidelidade Ltda. (Brazil)
LifeMiles Ltd. (Bermuda)
LifeMiles Trading Co. Costa Rica, S.R.L.
(Costa Rica)
LifeMiles Trading Co International Ltd.
(Bermuda)
LifeMiles US Finance LLC (Delaware)
Little Plane Limited (Bahamas)
Loyalty Co, S.A. de C.V. (El Salvador)
Octo-Aircraft Leasing LLC (Delaware)
Overseas Aviation Technical Investments
Ltd. (Panama)
Pilotos de Taca, S.A. de C.V. (El Salvador)
Pitasa, S.A. (Guatemala)
Servicios Aeronáuticos Pilotcrew-CR S.A.
(Costa Rica)
Southern Equipment Corporation Ltd
(Bahamas)
Taca Costa Rica S.A. (Costa Rica)
Tampa Cargo Logistics, Inc. (EEUU-FL)
Tri-Aircraft Leasing LLC (Delaware)
Tri-Aircraft Leasing II LLC (Delaware)
Turbo Aviation Three S.A. (Panama)
Uni-Aircraft Leasing LLC (Delaware)
Vu-Marsat S.A. (Costa Rica)

### Debtors' Other Names

SK Holding Ltd
Líneas Aéreas Costarriceses S.A.
AviacaTaca Ltd
Trans American Airlines S.A.
AviancaTaca Holding S.A.
Aerolíneas Galápagos S.A. (AEROGAL)

### Current/Former Directors and Officers

Adrian Neuhauser
Andrea Carolina Jara Amezaga
Alonso Arturo Haro Escobosa
Alvaro Jaramillo

Anco David Van Der Werff
Kenneth Hoffman
Orlando Menendez
Carlos Eduardo Torres Salamanca
Carolina Escobar
Christian Vesga Toloza
Jose Ciro Montoya
Claudia Maria Rodriguez
Daniel Fajardo
David Francisco Aleman Andrade
Diana Amaya
Diana Calixto Hernandez
Diana Marcela Rivas
Eduardo Mendoza
Edwin Novoa Duarte
Erika Alejandra Hundskopf Mercado
Fabio Villegas
Fernando Krieste
Francisco S. Aquino
Gina Fonseca
Griselda Carolina Rodriguez Quintana
Gustavo Cadavid
Jose Antonio Gomez
Jairo Burgo de la Espriella
James Leshaw
Jose Ofilio Gurdian
Jose Luis Quiro Cuevas
Juan Mauricio Wurmser
Julian Laverde
Kurt Schonsinsky Echeverria
Luis Lauro del Bosque Gomez
Luis Montes de Oca Chaverri
Luisa Fernanda Lafaurie
Maria Paula Barrios Azcona
Mario Cruz
Mario Garcia Rodriguez
Marlon Amador
Michael Swiastek
Mauricio Armando Olaya Nohra
WND Limited
WNS Limited
Nissim Jabiles Parnes
Octavio Bravo
Oscar Dario Morales
Patricia Alexandra Chiriboga
Patricia Carolina Gomez

Maria Paula Duque
Rafael Alonso
Renato Covelo
Reyna Lucia Mejia Matute
Richard Galindo
Richard Schifter
Roberto Kriete
Curacao Corporation Company
Roberto Zamora
Rodrigo Salcedo
Rolando Damas
Ruben Atehortua Sandoval
Santiago Diago
Sergio Michelsen
Silvia Mosquera
Susana Jeannette Argueta de Leiva
Veronica Patricia Feria Montes de Oca
Viviana Martin Salazar
Aissa Carolina Paredes Leon
Alexander Biasler
Alvaro Jaramillo
Ana Monica Avavitarte Ruiz de Somocurcio
Andres Orlando Osorio Barrera
Arnulfo Antonia Avelar Velado
Brenda Frohlich
Daniel Fernando Piza Malagon
Daniel Piza Malagon
Danilo Correa Sepulveda
Dario Montes Belot
Diana Claxlito
Eduardo Asmar
Eduardo Klepacz
Elisa Esther Murgas de Moreno
Estuardo Jose Ortiz Porras
Estuardo Ortiz
Fabio Villegas Ramirez
Federico Carreno Guio
Francisco Antonio Pertierra Perez
Gabriel Silva
Gerardo Grajales
Gerardo Urley Grajales Lopez
German Efromovich
Gloria Irene Loza Murrugarra
Graciela de los Milagros Garrues Aramburu
Hernan Rincon
Isaac Yanovich

Ivan Andres Galindo Hernandez
Jorge Adrian Solares
Jose Efromovich
Juan Emilio Posada
Juan Guillermo Serna
Juliana Cardona Campuzano
Julio Alejandro Gamero Alfaro
Luis Fernando Rizzo Alvarado
Maria Claudia Correa
Maria Clemencia Sierra
Maria Dolores Espinoza
Martha Elena Garcia Gonzales
Milton Solano Barahona
Monica Aparicio Smith
Ramiro Valencia
Raul Andres Olivero
Raul Campos
Roberto Held
Rosa Stella Patino Galindo
Santiago Diago
Victor Enrique Mejia Rivas

### S.D.N.Y Bankruptcy Judges (including visiting Judges)

Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert D.
Garrity, James L.
Glenn, Martin
Grossman, Robert E.
Lane, Sean H.
Morris, Cecelia G., Chief Judge
Wiles, Michael E.

### S.D.N.Y District Judges (including visiting Judges)

Abrams, Ronnie
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Broderick, Vernon S.
Buchwald, Naomi Reice
Caproni, Valerie E.
Carter, Andrew L.
Castel, P. Kevin

Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Engelmayer, Paul A.
Failla, Katherine Polk
Furman, Jesse M.
Gardephe, Paul G.
Haight, Charles S.
Hellerstein, Alvin K.
Kaplan, Lewis A.
Karas, Kenneth M.
Keenan, John F.
Koetl, John G.
Liman, Lewis J
Marrero, Victor
McMahon, Colleen
McMahon, Colleen, Chief U.S. District
Judge
Nathan, Alison J.
Oetken, J. Paul
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Roman, Nelson S.
Schofield, Lorna G.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Torres, Analisa
Vyskocil, Mary Kay

### S.D.N.Y. District Magistrate Judges
### (including visiting Judges)

Aaron, Stewart D.
Cave, Sarah L
Cott, James L.
Davison, Paul E.
Fox, Kevin N.
Freeman, Debra
Goldberg, Martin R.
Gorenstein, Gabriel W.
Lehrburger, Robert W.
McCarthy, Judith C

Moses Barbara
Netburn, Sarah
Parker, Katherine H.
Smith, Lisa Margareth
Wang, Ona T.

### Clerks of the Court

Ruby J. Krajick (Clerk of the District Court)
Vito Genna (Clerk of the Bankruptcy Court)

### Office of U.S. Trustee, Region 2

Abriano, Victor
Arbeit, Susan
Catapano, Maria
Choy, Danny A.
Harrington, William K
Higgins, Benjamin J.
Joseph, Nadkarni
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Nakano, Serene
Ng, Cheuk M.
Ogunleye, Alaba
Riffkin, Linda A.
Rodriquez, Ilusion
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Velez-Rivera, Andy
Vescovacci, Madeline
Zipes, Greg M.

### Banks, Lenders, Agents and Trustees

1st United Bank/ IBM
AB Svenks Exportkredit
Abierta Helm Valor
Alianza Valores S.A.
Apple Bank
Aruba Bank N.V.
Asesores en Valores S.A.
BAC Honduras

Banamex
Banco Agricola
Banco BHD Leon
Banco Central de Uruguay
Banco Colpatria Red Multibanca Colpatria S.A.
Banco Credito Agricola de Cartago
Banco Cuscatlán
Banco Davivienda, S.A.
Banco de America Central
Banco de America Central S.A.
Banco de Bogota
Banco de Bogota New York Agency
Banco de Chile
Banco de Costa Rica
Banco de Credito de Bolivia
Banco de Credito Del Peru
Banco de Credito del Peru, Miami Agency
Banco de Guayaquil
Banco de la Nacion Argentina
Banco de la Nacion del Peru
Banco de la Republica Oriental
Banco de Occidenta
Banco de Occidente S.A.
Banco de Venezuela
Banco del Pacifico
Banco Edwards
Banco Financiero Internacional
Banco Itau
Banco Lafise Bancentro
Banco Maduros
Banco Mercantil
Banco Mercantil Santa Cruz
Banco Nacional de Costa Rica
Banco Pichincha
Banco Popular
Banco Rio re la Plata
Banco Santander
Bancoldex
Bancolombia S.A.
Bancolombia, S.A.
Bank of America
Bankia
BankUnited NA
Banrural
Barclays Bank Plc

Bayerische Landesbank
BBVA
Belice Bank
BNP Paribas
Btg Pactual Colombia S.A.
Canadian Imperial Bank
Cartera Colectiva Abierta Helm Valor Itau Asset Management
Casa de Bolsa S.A.
Citco Banking Corporation
Citibank
Citibank N.A. USA
Colpatria
Coomeva
Corpbanca
Credi Corp Capital Correval
Credit Agricole Corporate
Davivenda
Dekabank Deutsche Girozentrale
Deutsche Bank
Deutsche Bank New York
Development Bank Of Japan Inc.
DVB Bank
Fidubogota S.A.
Fiduciaria Bogota S.A.
Fiduciaria Corficolombiana S.A.
Fiduciaria Davivienda S.A. Corredores
Fiduciaria de Occidente S.A. Occirenta
First Citizens Bank Limited U.S.
First United
Fonda de Inversion Colectiva Abierto
Goldman Sachs
Gramercy Blue Skies LLC
Grupo Aval
Helm Comisionista de Bolsa S.A.
HSBC Bank
IBM Capital de Colombia S.A.S.
IBM Capital Peru S.A.C.
Inmarsat Global Limited
Interrbank
Itau
JP Morgan
La Caixa
Lafise
Leasing Bancoldex S.A.
Maduro & Curiel's Bank

Mercantil Santa Cruz
Metrobank SA
Moneda Deuda Latinoamericana Fondo De
Inversión
Moneda Latinoamerica Deuda Local Fondo
De Inversión
Morgan Stanley
NordLB
NY Life Insurance Company
Occidental Bank
PBB
Prival Bank, SA
Produbanco
Servitebca Peru
Siemens Financial Services, Inc.
Skandia Sociedad Fiduciaria S.A.
Sumitomo Mitsui Banking Corporation
TD Bank N.A.
The Korea Development Bank,
Toronto Dominion Bank
Ultrabursatiles S.A.
Ultravalores
UMB Bank
US Bank
Valores Bancolombia S.A.
Wilmington Trust Company
Woori Bank

### Significant Equityholders

Blackrock Inc.
Donald Smith & Co. Inc.
Fondo Bursatil IShares
Fondo de Pensiones Prot Moderad
Renaissance Technologies LLC
Dimensional Fund Advisors LP
Erfost SAS
SEI Investments Co.
RWC Asset Advisors US LLC
Banco BTG Pactual SA
ING Groep NV
Kingsland Holdings Limited
BRW Aviation LLC

### Top 100 Unsecured Creditors

Accenture Ltda
Aercap Aviation Solutions

Aero Transporte De Carga Union Sa De Cv
Aerocali SA
Aeropuertos De Oriente SAS
Agencias Universales SA
Airbus Americas Customer Services, Inc
Airbus Group
Allen And Overy LLP
ATR
Avolon
Banco Agricola
Banco Cuscatlan
Banco Davivienda SA
Banco De America Central
Banco De Bogota
Bancolombia S.A.
Barclays
BNP Paribas
Boeing Group
BRW Aviation LLC
Buentipo Anchor Worldwide SAS
Cae Colombia Flight Training SAS
CDB Leasing
Citibank N.A. USA
City Of Los Angeles
Cocina De Vuelos, S.A De C.V
Colombia Telecomunicaciones Sa Esp
Colombiana De Software Y Hardware
Colsof SA
Consorcio GSS
Credit Agricole
Decision Consultancy Inc
Direccion De Impuestos Y Aduanas
Nacionales De Colombia
DVB Bank SE, London Branch
Engine Lease Finance Corporation
Fgl Aircraft Ireland Limited
Ga Telesis LLC
Gate Group
General Electric Company
Getcom Group
Global Eagle Entertainment Spain Sl
Goddard Group
Goodrich Group
Google Inc
Goshawk Aviation Limited
Hazens Investments LLC

Honeywell International Inc
Ibm Capital De Colombia S.A.S.
Icbc Leasing Co.
Industrias Y Confecciones Inducon SAS
ING
Ingenieria En Manualidades SAS
Inmarsat Global Limited
Jackson Square Aviation
Jolco
JP Morgan
Kayak Software Corporation
KPMG SAS
Lafise Panama
Lasa Sociedad De Apoyo Aeronautico SA
Lifemiles LTD
Lifemiles Trading Co International Ltd
Logistica Group SAS
Lufthansa Group
Lufthansa Systems Gmbh & Co. Kg
Miami Dade County Florida
Microsoft Corporation
Ministerio De Hacienda - Direccion General
De Tributacion
Ministerio De Hacienda Y Credito Publico
Natixis
Navblue SAS
Nordlb
Opera Transporte Y Logistica Integral Sas -
En Reorganizacion
Orix
Patrimonios Autonomos Fiduciaria -
Corficolombiana SA
Patrimonios Autonomos Fiduciaria
Bancolombia S.A. Sociedad Fiduciaria
Patrimonios Autonomos Fiduciaria
Bancolombia Sa Sociedad Fiduciaria
Patrimonios Autonomos Fiduciaria Bogota
Pratt & Whitney Group
Rafael Espinosa  G Y Cia SAS
Rolls Royce PLC
Ropes And Gray LLP
Safran Group
Sap Colombia Sas
Secretaria De Hacienda Distrital De Bogota
Securitas Group
Servicios Aeroportuarios Integrados Sai Sas

Smbc Aviation Capital
Sociedad Aeroportuaria De La Costa SA
Swissport Group
Swissport USA, Inc.
Synergy Aerospace Corp.
Tcs Solution Center Sucursal Colombia
Total Airport Services Inc
Unidad Administrativa Especial De
Aeronautica Civil
Unisys De Colombia SA
Ups Servicios Expresos SAS
Willis Mitsui & Co Engine Support Limited
Wings Capital Partners Management
Worldwide Flight Services Inc.

### Aircraft Lessor/Servicers (Operating Leases)

AerCap Aviation Solutions
AerCap Group Services, Inc.
AerCap Ireland Limited
AerCap B.V.
Aircastle Limited
Aircastle Investment Holdings 2 Limited
Aircastle Advisor LLC
Avolon Aerospace Leasing Limited
BOC Aviation Limited
CIT Aerospace International
CDB Aviation Lease Finance DAC
CDB Leasing Co., Ltd.
Compass Aviation Leasing Co., Limited
DVB Bank SE, London Branch
FPAC Aircraft Leasing I Limited
GE Capital Aviation Services Limited
Celestial Aviation Trading 73 Limited
Celestial Aviation Trading 16 Limited
Goshawk Aviation Limited
Goshawk Management (Ireland) Limited
ICBC Leasing Co.
ICBCIL Aviation Company Limited
Sky High XLVI Leasing Company Limited
Sky High XXXV Leasing Company Limited
Jackson Square Aviation
JSA International U.S. Holdings, LLC
MC Aviation Partners Americas Inc.
MCAP Europe Limited

MC Aircraft Management International Inc.
MC Aviation Partners Inc.
MERX Aviation Finance, LLC
Merx Aviation Servicing Limited
ORIX Aviation Systems Limited
Kornerstone Airlease No.1 Limited
BODY WORK CO., Ltd
Tottori World Cup Co., Ltd
Seraph Aviation Management Limited
Gannet Aircraft 2 Limited
SMBC Aviation Capital Limited
Hanshin Juken Co., Ltd.
Stratos Aircraft Management Limited
JP Lease Products & Services Co., Ltd.
Porco Rosso Leasing
K&L Gates Gaikokuho Joint Enterprise
MSN 4944 Aircraft Owner Parent Trust
UMB Bank, N.A.
Wilmington Trust SP Services (Dublin)
Limited
Wings Capital Partners Management, LLC
WINGS Capital Partners Management
Zephyrus Capital Aviation Partners 1C
Limited

CONDOR LTD.
FC Care Leasing LTD.
FLIP NO.168 CO., LTD. & FLIP NO.169
CO., LTD.
FT Lift Leasing LTD.
Hanovre Financement 3  S.A.S.
JPA NO. 151 CO., LTD.
JPA NO. 152 CO., LTD.
JPA NO. 159 CO., LTD.
JPA NO. 160 CO., LTD.
LOS KATIOS LEASING CO., LTD.
MALPELO LEASING CO., LTD.
SAN AGUSTIN LEASING CO., LTD.
Turbo Aviation One Designated Activity
Company
Turbo Aviation Two Designated Activity
Company
Wells Fargo Trust Company
Wilmington Trust Company

#### **Aircraft Lenders**

Aegon
Apple Bank for Savings
Bank of America, N.A.
Bank of America, N.A., London Branch
Barclays Bank Plc, as security trustee
Bayerische Landersbank
Bayerische Landersbank Munich Branch
Bayern LB
BNP Paribas, as lender and security trustee
Burnham Sterling & Co. LLC
CDB
Citibank, N.A.
Citibank, N.A., London Branch, as lender
and security trustee
Cititrust Colombia S.A. Sociedad Fiduciaria
CMFG Life Insurance Company
Credit Industriel et Commercial
Credit Industriel Et Commercial, New York
Branch
Development Bank of Japan Inc.
DekaBank Deutsche Girozentrale
Deutsche Bank
DVB Bank SE, London Branch, as lender
and security trustee
DZ Bank AG

#### **Aircraft Lessors (Financial)**

AIRCOL 5
AIRCOL 10
AIRCOL 11
AIRCOL 12
AIRCOL 13
AIRCOL 15
AIRCOL 17
AIRCOL 19
AIRCOL 20
AIRCOL 21
AIRCOL 22
AIRCOL 23
AIRCOL 24
AIRCOL 25
APF 3 PROJECT NR. GMBH
APF 4 PROJECT NR. 7A GMBH
APF 4 PROJECT BR. 7B GMBH
AVSA Leasing 2
AVSA Leasing 3
AVSA Leasing 4

Export-Import Bank of the United States
FPAC
FPG (FPG Amentum)
Fuyo
GE Capital Aviation Services
GOAL
HSBC France
ICBC
ING
JPMorgan Chase Bank, N.A., London
Branch
J.P. Morgan Europe Limited, as security
trustee
The Korea Development Bank
KEB Hana
KGAL
Massachusetts Mutual Life Insurance
Company
NATIXIS, as security trustee
New York Life Insurance Company
New York Life Insurance and Annuity
Corporation
New York Life Insurance and Annuity
Corporation Institutionally Owned Life
Insurance Separate Account (BOLI 30C)
Nord LB
Norddeutsche Landesbank Girozentrale,
New York Branch
Novus
NTT Finance
PBB (Deutsche Pfandbriefbank AG)
Siemens Financial Services Inc.
SMBC Aviation Capital Limited
Sumitomo Mitsui Bank Limited
Sumitomo Mitsui Banking Corporation
Sumitomo Mitsui Trust, Bank Limited
Tamwheel Aviation Funding L.P.
TD Bank, N.A.
Turbo Aero International Designated
Activity Company
US Bank
Wells Fargo Bank, National Association, as
security trustee
Wells Fargo Trust Corporation Limited, as
security trustee
Wilmington Savings Fund Society, FSB

Wilmington Trust Company, as security
trustee
Woori Bank, Tokyo Branch
YF Life Insurance International Limited

**Letters of Credit**

AerCap Aviation Solutions
Aircastle Limited
AMCK
Apple Bank
Avolon
BAC Honduras
Banco Agricola
Banco Davienda
Banco De Chile
Banco De Costa Rica
Banco De Credito Del Peru
Banco Edwas
Banco Lafise Bancentro
Banco Mercantil Santa Cruz
Banco Santder
Bank Of America
Bank of Utah
Barclays Bank PLC
BNP Paribas
Brazilian Central Bank
CDB Aviation Lease Finance DAC
Citibank, N.A.
Davivienda Internacional
Deutsche Bank
DVB Bank SE, London Branch
FC Care Leasing LTD.
FT Lift Leasing LTD.
GE Capital Aviation Services
Goshawk Aviation Limited
H.S.B.C.
ICBC Leasing Co.
Itau – Interbanco
Jackson Square Aviation
JP Morgan Chase
MC Aviation Partners Americas Inc.
MERX Aviation Finance, LLC
Natixis
Norddeutsche Landesbank Girozentrale

NY Life
Orix Aviation Systems Limited
Seraph Aviation Management Limited
SMBC Aviation Capital
Stratos Aircraft Management Limited
Sumitomo Mitsui Banking Corporation
US Bank
Wells Fargo Bank
Wilmington Trust
WINGS Capital Partners Management
Wings Aviation Capital
Woori Bank, Tokyo Branch
Zephyrus Capital Aviation Limited

### Professionals

Milbank LLP
Kurtzman Carson Consultants LLC
FTI
Seabury
Smith, Gambrell & Russell, LLP
Gomez Pinzon Abogados S.A.S.
Urdaneta, Velez, Pearl & Abdallah
Abogados

### Insurance Providers & Brokers

Aetna Life Insurance
Afianzadora G&T Sociedad Anonima
Afianzadora Solidaria S.A.
AIG-Preferred Aviation Underwriters
Alianza Compania De Seguros Y
Reaseguros Ema
Allianz Lebensversicherungs AG
Allianz Seguros De Vida SA
Allianz Seguros S.A.
Aon Risk Services
Aseguradora Paraguaya S.A.E.C.A.
Aseguradora Suiza Salvadorena, S.A.
Asprose S.A. Corredora de Seguros.
Assa Compania De Seguros S.A.
Berkley Internacional Seguros Colombia
S.A.
Bmi Del Ecuador Compania De Seguros De
Vida S.A.
Bradesco Saude SA
Canada Life Limited

Castro Cuadra y Cia. Ltda Corredor de
Seguros.
Chubb Seguros Colombia
Chubb Seguros Colombia S.A.
Chubb Seguros Ecuador S.A.
Colmedica Medicina Prepagada
Compania Aseguradora De Fianzas
Confianza SA
Compania De Medicina Prepagada
Colsanitas S.A.
Compania De Seguros Vida Camara SA
Compania Mundial De Seguros S.A.
Compania Seguros America SA
Corresponsal Aon - Agencia de Seguros y
Fianzas Soto
Corresponsal Aon - ASSA Corredora de
Seguros S.R.L.
Corresponsal Aon - Estrategica Corredores y
Asesores de Seguros y Riesgos
Corresponsal Aon - Interbroker S.A.
Corresponsal Aon - NGS - N.Goddard
Seguros - Corresponsal de Aon
Corresponsal Aon - Unity Promoters
Corresponsal Aon - Unity Setessa
Corresponsal Aon - Unity Setessa Corredor
de Seguros
Crediseguro S.A. Seguros Personales
Crum & Forster
Galeno Seguros S.A.
Global Benefits Group
Hdi Seguros
Instituto Nacional De Seguros
Jamlucelli
La Previsora S.A. Compania De Seguros
Liberty Seguros De Vida S.A.
Mapfre Atlas Compania De Seguros S.A.
Mapfre Seguros Ecuador
Mapfre Seguros Generales De Colombia S
A
Mapfre Seguros Guatemala Sociedad
Anonima
Mapfre Seguros Honduras SA
Marsh Brockman y Schuh Agente de
Seguros y de Fianzas, S.A. de C.V.
Marsh Redher S.A.
Marsh S.A. (Argentina)

Marsh S.A. (Colombia) - Delima Marsh S.A
Marsh S.A. (Uruguay)
Marsh USA Inc.
Medair
Medicina Para El Ecuador Mediecuador
Humana S.A.
Metlife Mexico SA
Metlife Seguros S.A.
Metropolitan Life Seguros E Previdencia
Privada SA
Mutual of Omaha
Nacional De Seguros S.A.
Osde - Filial Metropolitana
Pacifico Compania De Seguros Y
Reaseguros
Pan American Life Insurance Company
Pan American Life Insurance Company
Sucursal El Salvador
Pan American Life Insurance De Costa Rica
Sociedad Anonima
Pan American Life Insurance De Guatemala
Compania De Seguros SA
Pan American Life Insurance De Panama
SA
Rimac Seguros Y Reaseguros
Sbi Seguros Uruguay
Seguros Confianza
Seguros De Vida Suramericana SA
Seguros Del Estado S.A.
Seguros Generales Suramericana S.A
Seguros Mundial
Smg Compania Argentina De Seguros SA.
Tecniseguros S.A. (Ecuador)
Tecniseguros S.A. (Guatemala)
Tecniseguros S.A. (Honduras)
Tokio Marine Compania De Seguros S.A.
De C.V.
Unity Promoters
Willis Towers Watson
Zurich
Zurich Vida Cia De Seguros Y Reaseguros
SA
Zurich Vida Compania De Seguros SA

## **Taxation Authorities**

Administracion Federal de Ingresos Publicos
Portal Principal (AFIP)
Administracion Gubernamental de Ingresos
Publicos (AGIP)
Agencia de Recaudacion de la Provincia de
Buenos Aires
Agencia Tributaria
Alcaldia de Managua
Alcaldia Mayor de Bogota D.C.
Alcaldia Municipal de San Marcos
Alcaldia Municipal de San Miguel
Alcaldia Municipal de San Salvador
Barbados Revenue Authority
Departamento de Cundinamarca
Departamento Di Impuesto
Direccion de Impuestos y Aduanas
Nacionales
Direccion General de Impuestos Internos
Direccion General de Ingresos
Direccion General de Tesoreria
Direccion General Impositiva (DGI)
District of Columbia
Federal Government
Gobierno de Puerto Rico -Departamento de
Hacienda
Gobierno Municipal Autonomo de Carolina
Government of Puerto Rico - Department of
the Treasury
HMRC (Her Majestys Revenue and
Customs)
Inspectorate of Taxes Curacao
Ministerio de Hacienda, Direccion General
de Tributacion (DGT)
Municipalidad Curridabat
Municipalidad de Alajuela
Municipalidad de Belen
Municipalidad de la Ceiba
Municipalidad de Liberia
Municipalidad de Roatan
Municipalidad de San Jose
Municipalidad de San Pedro Sula
Municipalidad de Tegucipagalpa
Municipio de Arauca
Municipio de Juan de Acosta
Municipio de Panama

Oficina Nacional de Administracion
Tributaria (ONAT)
Prefeitura Da Cidade Do Rio de Janeiro
Prefeitura Do Municipio de Sao Jose Dos
Pinhais
Prefeitura Do Municipio de Sao Paulo
Prefeitura Municipal de Campinas
Prefeitura Municipal de Guarulhos
Secretaria Da Receita Federal Do Brasil
Secretaria de Hacienda de Armenia
Secretaria de Hacienda de Barrancabermeja
Secretaria de Hacienda de Barranquilla
Secretaria de Hacienda de Bello
Secretaria de Hacienda de Bucaramanga
Secretaria de Hacienda de Buenaventura
Secretaria de Hacienda de Buga
Secretaria de Hacienda de Cali
Secretaria de Hacienda de Cartagena
Secretaria de Hacienda de Cartago
Secretaria de Hacienda de Cerete
Secretaria de Hacienda de Chachagui
Secretaria de Hacienda de Chia
Secretaria de Hacienda de Cucuta
Secretaria de Hacienda de Envigado
Secretaria de Hacienda de Florencia
Secretaria de Hacienda de Floridablanca
Secretaria de Hacienda de Giron
Secretaria de Hacienda de Ibague
Secretaria de Hacienda de Ipiales
Secretaria de Hacienda de Itagui
Secretaria de Hacienda de Lebrija
Secretaria de Hacienda de Leticia
Secretaria de Hacienda de Maicao
Secretaria de Hacienda de Manizales
Secretaria de Hacienda de Medellin
Secretaria de Hacienda de Monteria
Secretaria de Hacienda de Neiva
Secretaria de Hacienda de Palmira
Secretaria de Hacienda de Pasto
Secretaria de Hacienda de Pereira
Secretaria de Hacienda de Popayan
Secretaria de Hacienda de Quibdo
Secretaria de Hacienda de Riohacha
Secretaria de Hacienda de Rionegro
Secretaria de Hacienda de Sabaneta
Secretaria de Hacienda de San Andres

Secretaria de Hacienda de Santa Marta
Secretaria de Hacienda de Sincelejo
Secretaria de Hacienda de Sogamoso
Secretaria de Hacienda de Soledad
Secretaria de Hacienda de Tulua
Secretaria de Hacienda de Tumaco
Secretaria de Hacienda de Tunja
Secretaria de Hacienda de Valledupar
Secretaria de Hacienda de Villavicencio
Secretaria de Hacienda de Yopal
Secretaria de Hacienda de Yumbo
Servicio Administrativo de Rentas
Servicio de Impuestos Internos (SII)
Servicio de Impuestos Nacionales (SIN)
Servicio de Rentas Internas (SRI)
Servicio Nacional Integrado de
Administracion Aduanera y Tributaria
SENIAT
State of California
State of Florida
State of Massachusetts
State of New Jersey
State of New York
State of Virginia
Subsecretaria de Estado de Tributacion
(SET)
Superintendencia de Administracion
Tributaria
Superintendencia Nacional de Aduanas y de
Administracion Tributaria (SUNAT)
Tesoreria de la Federacion (SAT)
Tesoreria Del Distrito Federal (Impuesto
Predial)
Tesoreria Del Distrito Federal (Impuesto
Sobre Nominas)
Tesoreria Municipal de Antiguo Cuscatlan
Tesoreria Municipal de San Luis Talpa

## **Fuel Suppliers**

Air BP Bolivia
Air Total
Allied
Allied Aviation
Asig

Axion Energy
Chevron
Dallas-Fort
Energizar
Exxon
Iah Fuel Company
Icaro 17
Lawtfc
Lax Fuels
Omv
Organización Terpel S.A.
Petrobras Brasil
Petroecuador
Petroperu
Petroservicios
Pt Servicios De Guatemala
Puma Energy
Q8
Repsol
Sfo Fuel
Skyfuel
Swissport
Uno Aviation
WFS
YPF

### Derivatives Parties

Bank of America Merrill Lynch
Citibank
JP Morgan
Macquarie

### Utilities

Avantel SAS
Colombia Telecomunicaciones S.A. Esp
Compania de Telecomunicaciones de el
Salvador S.A. de C.V.
Compania Dominicana de Telefonos
Corporacion Nacional de
Telecomunicaciones
Edemet S.A.
Electrificadora de Satander S.A. Esp
Empresa de Acueducto y Alicantarillado de
Bogota

Empresa Electrica Quito
Gas Natural Fenosa
Gas Natural S.A. Esp
Grandes Complejos SRL
Intelfon Guatemala S.A.
Intelfon S.A. de C.V.
N.V. Kpdae Kodela Kodsel
Servicios de Comunicaciones de Honduras
S.A.
T Mobile USA Inc.
Telecom Argentina S.A.
Telefonica de Argentina S.A.
Telefonica de Costa Rica S.A.
Telefonica de Espana S.A.
Telefonica del Peru S.A.A.
Telefonica Moviles de Panama S.A.
Telefonica Moviles del Uruguay S.A.
Telefonica USA Inc.
Telemar Norte Leste S/A
UNE EPM Telecomunicaciones S.A.
Vodafone Group Services Limited
Xtratelecom S.L

### Unions

ACAV
SINTRAVA
SINDITRA
SINTRATAC
ACDAC
ADPA
ODEAA
ACMA
ANTSA
SINTRAEREOS
ASOTRATAMPA
Sindicato Industrial de Trabajadores
Estibadores y Operadores de Transportes de
Carga y Similares de la Republica Mexicana
S.N.T.T.T.A.S.S. Sindicato Nacional de
Trabajadores de Transportes,
Transformación, Aviacion, Servicios y
Similares
Asociación Sindical 1° de Mayo de
Trabajadores y Empleados del Comercio en
General, Agencias Automotrices,
Comisioneistas, Agencias y Oficinas

Particulares, Similares y Actividades
Conexas de la Ciudad de Mexico.
APA - Asociación del Personal Aeronáutico
Unión Personal Aeronavegación de Entes
Privados (UPADEP) (A hoy no tenemos
afiliados)
Sindicato Nacional dos Aeroviários - SNA
Sindicato dos Aeroviários no Estado de São
Paulo
Sindicato dos Aeroviários de Porto Alegre
Sindicato dos Aeroviários de Grarulhos
Sindicato Nacional das Empresas
Aeroviárias - SNEA (Sindicato Patronal no
de Trabajadores)
Sindicato de Pilotos de Trans American
Airlines
Sindicato de Tripulantes de Cabina, Agentes
de Servicio al Pasaje e Instructores de Trans
American Airlines
Sindicato de Despachadores de Vuelo de
Trans American Airlnes
Sindicato de Trabajadores de Servicios
Aeroportuarios Integrados SAI S.A.S.,
SINTRASAI

#### Union Representatives

Maria Cristina Cadavid
Luis Gustavo Jaimes Ortega
Lorenzo De Jesus Duque Mayo
Daniel Gallo
Jaime Hernandez
Juan Manuel Giraldo
Pablo Ortega
Jose Ariamiro Zambrano
Danny Miguel Moreno
Jose Alejandro Torres
Jose Arney Chavez Gutierrez
Lic. Sergio Mendoza León
Marco Antonio Calva Pimentel
Antonio Jose Gasca
Sebastian Jorrin (Delegado AV)
Unión Personal Aeronavegación de Entes
Privados (UPADEP)
Luiz da Rocha Cardoso Rodrigues
Reginaldo Alves de Souza
Leonel Leandro Soares Montezana

Rodrigo Maciel Silva
Ronaldo Bento Trad
Erich Mory
Luis Reyes
Dennis Sánchez
José Alexander Constain Saa

#### Significant Vendors and Contract Counterparties

7801 Leesburg Pike Tysons Corner Owner
Llc
A & P International Services Sa De Cv
Accenture Ltda
Accenture Peru Srl
Accion Sa
Acts Aviation Security Inc -Formerly Gate
Safe Inc
Adobe Systems Software Ireland Limited
Aerocali Sa
Aeropuertos De Oriente Sas
Aerorental Ltda
Aerosmart Sas
Aetna Life Insurance Company
Agencia De Aduanas Aviatur S A Nivel 1
Agn Aviation Services Sa De Cv
Ago Security De Costa Rica Sociedad
Anonima
Ags Aviation Ground  Services N V
Air Support Sa De Cv
Airbus Americas Customer Services, Inc
Airbus Group
Airline Container Leasing Llc
Airport Terminal Management Inc
Airway Cleaners Llc
All Plast S A S
Allen And Overy Llp
Alliance Ground International Llc
Arinc Sistemas Aeroportuarios De Colombia
Sas
Aruba Airport Authority Nv
ATR
Atton Las Condes Spa
Atton Vitacura Spa
Bacer S.A De C.V
Boeing Group
Bridgestone Aircraft Tire Usa Inc

Brm Sa
Buentipo Anchor Worldwide Sas
Cae Colombia Flight Training Sas
Carey International Inc
Casa Grande Apart Hotel Srl
Casa Proveedora Phillips S.A. (Costa Rica)
Chilexpress Sa
Ci Distrihogar Sas
Ci Quintero Leather Sas
City Of Los Angeles
Cocina De Vuelos, S.A De C.V
Colombian Mountain Coffee Ci Sas
Colombiana De Software Y Hardware
Colsof Sa
Colombiana De Software Y Hardware
Colsof Sa Sucursal El Salvador
Compass Group Services Colombia Sa
Consorcio Gss
Coordinadora De Transportes P Y P Sas
Core Advanced Group Sas
Ddb Argentina Sa
Ddb Worldwide Colombia Sas
Decision Consultancy Inc
Distribucion Y Transporte Sa
Doblevia Transporte Sa
Dotakondor Sas
Dumbo Hotel Llc
Ecs Latam Sas
Edgar Devia Garcia
Egon Zehnder Sas
Emsaairport Services Cem
Engine Lease Finance Corporation
Enterprise Services Colombia Sas
Ernst & Young Sas
Facebook Ireland Limited
Fastlinecar S.A.
Federal Aviation Administration
Flying Food Group Llc
Flying Food Group, Llc - Lax
G4S Facility Management Cia Ltda
Ga Telesis Llc
Gate Gourmet Gmbh Deutschland
Gate Group
General Electric Company
Getcom Group
Girag Panama Sa

Global Eagle Entertainment Spain Sl
Global Lounge Av Mia Llc
Goddard Catering Group Guatemala S.A
Goddard Group
Godoy Cordoba Abogados Sas
Goodrich Group
Google Inc
Ground Services International Inc
Grupo Global Legions Sa De Cv
Hansair Logistics  Inc
Hazens Investments Llc
Helios Technology & Innovation Sas
Hewlett Packard Colombia Ltda
Honeywell International Inc
Hospitality Doral Llc
Hotel Historico Ig Sa De Cv
Hoteles Sheraton De Argentina S A C
Ibm De Colombia & Cia Sca
Idlewild Realty Llc
Imc Group
Industria Ambiental Sas
Industria Nacional De Gaseosas S A
Industrias Y Confecciones Inducon Sas
Ingenieria En Manualidades Sas
Inversiones Aereas Inversa Sas
Ipsos Napoleon Franco & Cia S A S
Jamaica Civil Aviation Authority
Jeppesen Systems Ab
Kayak Software Corporation
Kpmg Sas
Lasa Sociedad De Apoyo Aeronautico Sa
Leaseworks, Inc
Logisciels Dti Inc
Logistica Group Sas
Longport Chile Sa
Los Angeles World Airports
Lufthansa Group
Mantenimiento Y Servicios Scl Limitada
Mas4 Consultoria Sas
Maximus Global Services Llc
Metropolitan Washington Airports
Mia Bl Hotel Partners Llc
Miami Airport Lessee Llc
Michelin North America Inc
Microsoft Corporation
Morgan Y Morgan

Mudamos Express Ltda
Navblue Sas
Nexsys De Centroamerica Sa De Cv
Nexsys De Colombia Sa
Norton Rose Fullbright
Ofixpres S A S
Omd Colombia S A S
One Handling System Servicos Auxiliares
Ltda
Operadora Hotel Centro Historico S De Rl
De Cv
Oracle Colombia Ltda
Oracle De Centroamerica S.A.
Pacustoms Cia. Ltda.
Panasonic Group
Patrimonios Autonomos Fiduciaria
Bancolombia S.A. Sociedad Fiduciaria
Patrimonios Autonomos Fiduciaria
Bancolombia Sa Sociedad Fiduciaria
Payu Colombia Sas
Pemica Inc
Pourshins, Inc. - Suppliar
Pratt & Whitney Group
Price Water House Coopers Asesores
Gerenciales Ltda
Prointec Colombia
Pros Revenue Management Inc
Pros Revenue Management Lp
Qualtrics Llc
Rafael Espinosa  G Y Cia Sas
Ral Splitter Lp - Dba Aero Miami Ii Llc
Ramirez Arana Y Compania Ltda
Representaciones Del Mundo Sas
Repremundo
Ricoh Colombia Sa
Rockwell Collins Inc & Subsidiaries
Rohr Inc
Rolls Royce Plc
Ropes And Gray Llp
Safran Group
Sap Colombia Sas
Sb Hotels Spain Sl
Securitas Group
Servicios Aeroportuarios Integrados Sai Sas
Servipallet Sa
Siato

Sinagri, S.A De C.V.
Sistemas Eficientes Sa
Sistemas Eficientes, S.A.
Sociedad Aeroportuaria De La Costa Sa
Sociedad Operadora De Aeropuertos Centro
Norte Sas
Sodexo Costa Rica Sociedad Anonima
Sodexo Pass Peru Sac
Sodexo S A S
Steigenberger Hotel Ag
Swissport Group
Swissport Usa, Inc.
Talma Group
Tcs Solution Center Sucursal Colombia
Tecnologias Unidas S.A De C.V
The Port Authority Of Ny & Nj
The Winterbotham Trust Company Limited
Ti724 Sas
Tom Bradley International Terminal
Equipment Company-Tbitec
Total Airport Services Inc
Total Airport Services Llc
Transportes Especiales A&S Sas
Transportes Especiales Edquios Sas
Trivento Bodegas Y Vinedos Sa
Unidad Administrativa Especial De
Aeronautica Civil
Union Temporal Coopava -Xps Cargo Sas -
Transporte
Unisys De Colombia Sa
Unisys Del Peru
Ups Servicios Expresos Sas
Upsky San Francisco Airport Hotel  Llc
Us Security Associates Inc
Vedder Price P.C.
Vedder Price Pte Ltd
Viña Undurraga S A
White & Case Llp
Wm Wireless & Mobile Sas
Worldwide Flight Services
Worldwide Flight Services Inc

## **Potential Lien Claimants**

A Y P International Services Sapi De Cv
Aar Aircraft Component Services

Aar Landing Gear Llc
Aba Air Group Llc
Absa Aerolineas Brasilenas Sa
Agencia De Aduana Jkm
Agencia De Aduana Zeta
Agencia De Aduanas Aviatur Sa Nivel 1
Agencia De Aduanas Siaco Sas Nivel 1
Agencia Warren, S. De R.L. De C.V.
Air Cost Control Usa Llc
Airbus Americas Customer Services, Inc
Airbus Helicopters Inc
Aj Levin Company Inc
Aj Walter Aviation
Ajw Technique Inc
Alaris Aerospace Systems Llc
All Security Sis Ltda
Alonso Miranda
Alpha And Omega Calibration Services Llc
Alpha Brokers Corp
Ametek D.B.A. Drake Air
Amsafe Inc
Ancra International Llc
Araujo Ibarra Consultores Internacionales
Sas
Ariesa
Arquitectura + Ingenieria Sas
Arquitectura Y Senalizacion
Atr Americas Inc
Aviation Chemical Solutions Inc
Aviation Instruments Repair
Aviation Instruments Repair Specialists
Aviation Metals Inc
Aviotrade Inc
Barfield Inc
Be Aerospace Inc
Be Aerospace Inc Netherlands
Boeing Distribution Inc
Boeing Distribution Services Inc
Bollore Logistics Colombia Sas
Bollore Logistics Usa Inc
Bombardier Services Corporation
Bridgestone Aircraft Tire Usa Inc
Buen Tipo
Cariports Sa
Certified Aviation Services Llc
Coningenio

Coningenio- Mobiliario
Coningenio- Obra Civil
Consorcio Gss
Dibreli
Diehl Aerospace Inc
Display Sistem
Eastern Aeromarine
Espacion Urbanos
Etihad Aviation Group
Exxonmobil Oil Corp
F&E Aircraft Maintenance Dallas Llc
Fedex Express
Fedex Freight
G4S
Ga Telesis Llc
General Electric Company
Geven Spa
Girag Panama S A
Global Technik Dba Flugel
Goodrich Actuation Systems Sas
Goodrich Aerospace Wheels And Brakes
Goodrich Control Systems
Goodrich Corporation
Goodrich Corporation Repair Station
Goodrich Interiors Cargo Systems
Goodrich Interiors Evacuation System
Goodrich Interiors Specialty Seating
Goodrich Light Systems Gmbh
Goodrich Messier Inc
Goodyear International Corporation
Grupo Arquitectos
Gya
Hamilton Sundstrands Corporation
Hansair Logistics  Inc
Heico Component Repair Group
Hmv
Honeywell International Inc
Iae International Aero Engines Ag Iae
Illuminair Support, Corp.
Ils Cargo
Ingemec
Insercor
Integrated Supplier Alliance, Llc (Isa)
Intertrade A Rockwell Collins Company
Jet Aircraft Maintenance Inc
Jet International

Jet International Company L.L.C.
Kellstrom Commercial Aerospace Inc
Kirkhill Aircraft Parts Co (Proponent)
Lasa Sociedad De Apoyo Aeronautico Sa
Liebherr Aerospace Saline Inc
Lufthansa Technik Ag
Mankiewicz Coatings Llc
Mantenimiento Y Servicios Scl Spa
Mantilco S.A.
Mantomain Cia Ltda
Marlen Teresa Adad Strainz
Meggitt Safety Systems
Miami Aerospace
Michelin North America Inc
Mingo Aerospace Llc
Montajes Savart
Msac, S.A
Mvp International Freigh System Inc
Mvp Transportation Logistics Inc
Omnigas Systems Inc.
Pacustoms
Panasonic Avionics Corporation
Parker Hannifin Corporation
Peerless Aerospace Fastener Corp
Pi Proyectos Integrales
Pratt & Whitney Canada Corp
Pratt & Whitney Components Solution
Prcdesoto International Inc
Premier Customs
Preveo
Professional
Prointec Colombia
Proyectos Integrales
Recaro Aircraft Seating Americas Inc
Roberto Adrian Milani
Rockwell Collins Inc & Subsidiaries
Rohr Aero Services, Llc
Rohr Inc
Rolls Royce Plc
Rtm
Safran Aerosystems Services Americas Llc
Safran Aircraft Engine
Safran Cabin Catering Inc
Safran Cabin Inc
Safran Electronics And Defense Avionics
Usa Llc

Safran Landing Systems
Safran Landing Systems Mro
Safran Landing Systems Services Americas
Safran Landing Systems- W&B
Safran Landing Systems-Landing Gear
Safran Nacelles
Safran Seat France
Safran Seat Us
Satair Usa Inc
Seal Dynamics  Llc
Sky Mart Sales Corporation
Spantech
Sterling Courrier
Sts Component Solutions Llc
Summit Aerospace Inc
Swissport Usa Inc.
Tek Peru
Telair International Gmbh
Thales Avionics Inc
The Boeing Company
Topcast Aviation Usa, Inc.
Tyco
Unical Aviation Inc.
United Aerospace Corporation
Vortex Aviation Maintenance Inc
Wencor Llc
Wesco Aircraft Hardware Corporation
Western Overseas Corp
Wright International Ams Inc.

**Credit Card Processors**

Administradora de Tarjetas de Credito y
Banco Pichincha C.A.
American Express Payment Services
Limited
American Express Travel Related Services
Company, Inc.
Aruba's Bank
ATCAN
Austro
BAC International Bank
Bancard
Banco Colpatria Multibanca Colpatria S.A.
Banco Davivienda S.A.
Banco de Bogota NY
Banco de Bogota S.A.
Banco de Occidente

Banco del Austro S.A.
Banco Maduro
Banco Santander S.A.
Bancolombia
Caixabank S.A.
Cardnet
Cielo
Citibank, N.A
Clave Panama
Colpatria
Comercia Global Payments EP, SL
Compañia de Procesamiento de Pago de Guatemala
Compañia de Servicios Conexos Expressnet S.A.C
Consorcio de Tarjetas Dominicanas S.A.
Credomatic
Davivenda
Diners Club del Ecuador S.A.
El Banco Internacional del Peru
Elavon/Ingenico
Fiduciaria Bogotá S.A.
FINCIMEX Financiera Cimex S.A.
First Data
Guayaquil
Interdin/DC
La Caixa
Linkser
OCA
Optar
Pacificard
Pichincha
Prismamp
Produbanco
Procesos MC
Redecard
Santander
Sociedad Financiera, Interdim S.A.
Tarjetas Banamex S.A. de CV
Trans American Airlines
Transbank S.A.
USA VFlow Limited
USAVFLOW (Cayman Islands)
Visanet

AuslandsGeschäftsAbsicherung der Bundesrepublik Deutschland
Euler Hermes Aktiengesellschaft
Brazilian Development Bank (BNDES)
Seguradora Brasileira de Crédito à Exportação S.A. (SBCE)
Bpifrance Assurance Export
The State of the French Republic
Compagnie Francaise d'Assurance pour le Commerce Exterieur
Servizi Assicurativi del Commercio Estero S.p.A. (SACE S.p.A.)
The Secretary of State of Her Britannic Majesty's Government acting by the Export Credits Guarantee Department (operating as UK Export Finance)

**Export Credit Agencies**

**Schedule 2**

The following parties are current clients of Seabury or were clients of Seabury within the past three years, all in connection with engagements wholly unrelated to these Chapter 11 Cases (except as disclosed):

ABC Aerolineas, S.A. de C.V. dba Interjet
Aeromexico
Aerovias del Continente Americano Avianca S.A
Africa Charters
Aigle Azur
Air Busan
Air France - KLM
Air Panama
Air Tahiti Nui
Air Zimbabwe (PVT) LTD
Airbus SAS
Airswift Transport Inc
AJR Aviation Limited
Akzo Nobel N.V.
American Airlines
American Industrial Acquisition Corporation
AMNB-Armada Militar Nacional Bolivariana
ANAC National Civil Aviation Agency
Apollo Management Holdings, L.P.
ASIANA IDT Inc.
Aurelius Transaktionsberatungs AG
Avcorp Industries Inc
Avianca, Inc.
Avmax Aircraft Leasing Inc.
Azul S.A.
Bermuda Civil Aviation Authority
BHG Capital Pty Limited
Bird Aviation Ltd
Boliviana de Aviación
Bradford Engineering Holding Company Limited
Bueno Aires international Airlines
Business Aviation Limited
Buzz Projects Pty Ltd
Cayman Airways
Ceiba Intercontinental
Chorus Aviation Inc.
Citadel Completions LLC
Clifford Chance, LLP
Compania Panamena de Aviacion, S.A.

Consorcio Venezolano de Industrias Aeronauticas y Servicios Aereos S.A. (Conviasa)
Delta Airlines
DGAC Salta
DGN Corp.
Direct Aero Services
Easyfly
Eirtech Aviation Services Limited
Elite Airways
Enter Air Services
Etihad Aviation Group PJSC
FAdeA S.A.
Fastener Distribution Holdings, LLC
FAV-Fuerzas Armadas Bolivarianas
FlyBondi
Gate Gourmet Switzerland GmbH
GECI ESPAÑOLA LEVANTE, S.A
GJT Holdings Limited
Global Aerospace & Defense, Accenture Capital
Globecomm Systems Inc.
GMF AeroAsia
GNB- Guardia Nacional Bolivariana
Groupe Supratec S.A
GSO Capital Partners LP
HAECO Cabin Solutions, LLC
HAECO USA Holdings, LLC
Hainan Airlines Holding Co., Ltd
HEICO East Corporation
Helicopteros Marinos
Heroux-Devtek Inc
HMN Beteiligungs GmbH & Co. KG
Hong Kong Aircraft Engineering Company Limited
IAG Aero Group
Icelandair Group hf.
Immfly, S.L.
INAEC Aviation Corp
Inflight Canada Inc.
Instituto Nacional De Aviacao Civil, I.P. (INAC)
International Aircraft Assoc., Inc.
ITI Air
Jazz Aviation LP
Jet Center Maintenance
Korea Aviation Engineering & Maintenance Service (KAEMS)
L3 Technologies, Inc.
LAM Mozambique Airlines
Laser Airlines
Linea Aerea Amaszonas S.A. (Amaszonas)

Magnetic MRO AS
Manutenzioni Aeronautiche S.r.l.
Mauritius Civil Aviation Authority (CAA)
Mauritius Department of Civil Aviation (DCA)
Millbank LLP
Ministry of Infrastructure and the Environment
Nauru Airlines
Nordic MRO AB
Norwegian Air Shuttle ASA
Oaklins Eastern Canada Inc
One Jet, Inc.
Outsourcing for Africa CC
PartDB Co., Ltd.
Peninsula Airways (PenAir)
Pioneer IV Limited Ltd
Precision Air Services PLC
Presidencia de la Nacion Argentina
PT. KALSTAR Aviation
Qatar Civil Aviation Authority
Ravn Alaska Airlines
Royal Air Charter Service, Inc.
Rwandair
S.C. Anjou Aeronautique
Sabre GLBL Inc
Servicio Aereo a Territorios Nacioneales (Satena)
SFO-N GmbH
Shanghai Jinghan Investment Management Limited
Silver Airways, LLC
Sint Maarten Airlines
SkyBahamas Airlines Ltd.
Skyrora Limited
Southwest Airlines
Spirit Airlines, Inc.
Stirling Square Capital Partners Third Fund Advisors Limited
The African Import-Export Bank
The Department of Public Enterprises, Republic of South Africa
Toll Aviation
Toll Group
Trakka Corp Pty Ltd d/b/a Trakka Systems
Transcend Air Corporation
Transdigm Group Incorporated
United Airlines, Inc.
Uriel Aviation Holdings Ltd.
Via Airlines, Inc.
Viva Aerobus
WestJet Airlines Ltd

Worldwide Terminals Fernandina, LLC
XL Airways SA
Zagros Airlines
ZAL Limited
Zetta Jet

## Exhibit C

### Engagement Letter



**Seabury Securities LLC**
Member: FINRA / SIPC
**Seabury International Corporate Finance LLC**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
**T** +1 212 284 1150

*PROPRIETARY & CONFIDENTIAL*

April 22, 2020

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Attention: Mr. Evan Fleck

*Re: Investment Banking & Financial Advisory Engagement for Restructuring Avianca Group*

Dear Mr. Fleck:

We are pleased to provide under this agreement (this "***Agreement***") the terms and conditions under which Seabury Securities LLC, a FINRA-regulated broker-dealer, and Seabury International Corporate Finance LLC, together with one or more of their affiliates (collectively, "***Seabury***"), will serve as a financial advisor and investment banker to Milbank, LLP (***"Counsel"***) as counsel to Avianca Holdings, S.A. and the subsidiaries and affiliates that are signatories hereto (collectively, "***Avianca***" or the "***Company***"), with respect to the restructuring of the Company. This Agreement confirms the agreement of the Company to perform its obligations and make applicable acknowledgements as set forth herein.  For purposes hereof, the term "***Company***" shall include any entity that the Company may form or invest in to consummate a restructuring.

This Agreement sets forth below and, in any schedules, or annexes hereto the terms and conditions under which Seabury shall provide the services described in Section 1 to the Company.


**Section 1. Services**

At the direction of Counsel, Seabury shall provide the Company with advice and assistance (the "***Services***") as follows:

A.  assist in the evaluation of the Company's businesses and prospects;

B.  assist in the development of the Company's long-term business plan and related financial projections;

C.  assist in the development of financial data and presentations to the Company's board of directors, various creditors and other third parties, inclusive, in the case of a court-supervised restructuring, managing daily interactions with any official committee of the unsecured creditors or any other such creditor or stakeholder group;

D.  analyze the Company's financial liquidity and evaluate alternatives to improve such liquidity;

E.  assist in managing the Company's relationships with certain major vendors as a means of minimizing cash requirements leading up to, as well as during, reorganization while maintaining continuity of operations;

F.  evaluate the Company's debt capacity and alternative capital structures;

G.  analyze various restructuring scenarios and make recommendations with respect to the same to the Company's management and board of directors;

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 2

H.  provide strategic advice with regard to restructuring and/or refinancing initiatives and activities;

I.  assist with the restructuring and/or refinancing of aircraft debt and lease obligations, as necessary under the revised business plan;

J.  assist with the restructuring and/or refinancing of any material non-aircraft debt and lease obligations as necessary under the revised business plan;

K.  participate in any other negotiations with the Company's creditors, major suppliers, lenders, lessors, OEMs and other interested parties as necessary to effectuate the successful restructuring of the business, including assisting the Company and its legal advisors in drawing up a plan of reorganization (the "***Plan of Reorganization***") and related disclosure statement (the "***Disclosure Statement***");

L.  assist in such areas as court testimony on matters that are within the scope of this engagement and within Seabury's area of testimonial competency;

M.  assist the Company in soliciting and structuring any form of governmental support that may be potentially available to the Company, whether in the context of an out-of-court process, and/or through a court-supervised restructuring ("***Governmental Support***");

N.  if needed, assist the Company, through a competitively run process, to secure additional cash liquidity in an out-of-court process, or, in the context of a court-supervised process, secure debtor-in-possession financing ("***DIP Loan Transaction***");

O.  if needed, assist the Company in securing new sources of permanent debt and/or equity financing either out-of-court, or as exit financing in a court-supervised restructuring ("***Debt Financing Transaction***");

P.  in the event of any possible merger, acquisition, divestiture, or asset sale, assist the Company in conducting due diligence, negotiating agreements and executing such an M&A transaction (an "***M&A Transaction***"); and

Q.  if needed, assist the Company with employee compensation concerns, including by (i) preparing an overview of the objectives, alternatives and process for designing and implementing cash and equity-based incentives for employee compensation, (ii) articulating objects and plan design parameters including eligibility, target payouts, performance metrics and payout timing, and (iii) defining a process for selecting participants and develop a communication and implementation plan.

Any services beyond those described above shall be subject to a separate written agreement.

**Section 2. Compensation.**

The Company agrees to pay to Seabury the following compensation:

A.  ***Retainer Fees.***  Monthly retainer fees equal to FOUR HUNDRED AND FIFTY THOUSAND US DOLLARS (US$450,000.00), prorated from March 15, 2020, and payable upon execution of this agreement for March and April, SIX HUNDRED AND SEVENTY-FIVE THOUSDAND US DOLLARS (US$675,000.00), and on the first business day of May each consecutive month thereafter (the "***Retainer Fees***"), ***provided, however***, such Retainer Fees shall step down to THREE HUNDRED AND FIFTY THOUSAND US DOLLARS (US$350,000.00) from October 1,

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 3

2020 going forward.  *The Retainer Fees for the first four (4) full months shall be 50% creditable toward Success Fees as defined below.*

B.  ***Success Fees***.  Upon substantial completion of the below transactions, the Company shall pay to Seabury one or more of the following success fees (taken as a whole, the ***"Success Fees")***:

(i)  ***Restructuring Success Fee:***  The Company shall pay to Seabury a financial restructuring success fee (the "***Restructuring Success Fee***"), <u>*subject to provisions of an overall success fee cap outlined below*</u>, equal to  SIX MILLION FIVE HUNDRED THOUSAND DOLLARS (US$6,500,000.00) upon completion of an out-of-court restructuring or consummation of a Plan of Reorganization (a "***Financial Restructuring***").

(ii)  ***DIP Loan Success Fee –*** The Company shall pay Seabury two and one-half percent (2.5%) of any new money DIP Loan commitments (each a "***DIP Loan Transaction***") to the extent that such DIP Loans are approved by final order of the bankruptcy court and the loan proceeds thereof are distributed to the Company in cash (the "***DIP Loan Success Fee***"); <u>*provided, however*</u>, that (i) such DIP Loan Success Fee shall be reduced by ninety percent (90%) for any principal amount of such commitments that are provided by existing stakeholders and/or any governmental entity, and (ii) fifty percent (50%) of such DIP Loan Success Fees shall be creditable to any Exit Financing Success Fees (as defined below) in proportion to the same entities providing any portion of any Exit Financing.

(iii)  ***Permanent Debt Financing Success Fees –*** The Company shall pay to Seabury debt success fees ("***Debt Success Fees***") for any new debt financing capital provided to the Company (each a "***Debt Financing Transaction***") as follows:

   a.  Senior Secured Debt Financing – One and one-half percent (1.5%) of debt principal
   b.  Subordinated Secured Debt Financing – Two and one-half percent (2.5%) of debt principal
   c.  Unsecured Debt Financing – Thee percent (3.0%) of debt principal

   <u>*provided, however*</u>, *such Debt Financing Success Fees shall be reduced by ninety percent (90%) for any portion of the debt provided by existing stakeholders of the Company and/or any governmental entity.*

(iv)  ***Equity Success Fees –*** The Company shall pay to Seabury equity success fees ("***Equity Success Fees***") for any new equity capital provided to the Company (each an "***Equity Financing Transaction***") in accordance with the following:

   i.  first US $100 million, three and one-half percent (3.5%) of equity funding; and
   ii.  thereafter, two and one-half percent (2.5%) of equity funding.

   <u>*provided, however*</u>, *such Equity Success Fees shall be reduced by ninety percent (90%) for any portion of the existing $375 million senior secured convertible debt facility (the "Stakeholder Facility") which is converted into equity <u>and also</u> such ninety percent (90%) discount shall apply the Equity Success Fees payable to Seabury upon the conversion of any portion of a government funded DIP Loan into exit equity financing for the Company.*

(v)  ***M&A Success Fee –*** The Company shall pay to Seabury an M&A success fee (an "***M&A Success Fee***") for any M&A transaction (an "***M&A Transaction***") completed equal to one-quarter of one percent (0.25%) of the of the Transaction Value; where "***Transaction Value***" means for the Company's operations sold the sum of (A) Adjusted Net Debt (using a

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 4

            multiple of seven times annual aircraft and engine lease payment obligations) assumed or refinanced, plus (B) any additional consideration provided to the Company's stakeholders and creditors, or paid to or received by the Company, in connection with an M&A Transaction in respect of assets or outstanding securities on a fully diluted basis.

(vi)    ***Success Fee Cap.***  Notwithstanding any of the foregoing, all Success Fees earned under this Agreement shall be subject to an overall cap (the "***Success Fee Cap***") equal to TEN MILLION US DOLLARS (US$10,000,000.00) if the Financial Restructuring is completed by September 30, 2020 or THIRTEEN MILLION US DOLLARS (US$13,000,000.00) thereafter, provided that level shall be increased by TWO HUNDRED AND FIFTY THOUSAND US DOLLARS (US$250,000.00) for each month of the engagement beyond twelve (12) months from the date hereof; ***provided, however***, in the event of either (a) a new money Equity Financing Transaction or (b) an M&A Transaction, the such Success Fee Cap shall be subject to the provisions of Section 2.B.(vii) set forth below.

(vii)   ***Adjusted Success Fee Cap***.  The Success Fee Cap shall be further adjusted (the "***Adjusted Success Fee Cap***") in the event of (a) new money raised via an Equity Financing Transaction and/or (b) an M&A Transaction by taking the ***lesser of*** (A) fifty percent (50%) of the Equity Transaction Success Fee ***plus*** fifty percent (50%) of the M&A Transaction Success Fee, if applicable, OR (B) a fifty percent increase in the Success Fee Cap; ***provided however***, such increase in the Success Fee Cap shall be applied only once even if both an Equity Financing Transaction and an M&A Transaction are applicable.

Counsel shall in no event be obligated to pay any compensation, expenses, reimbursement, indemnification or other amounts payable pursuant to this Agreement or otherwise in connection with Seabury's engagement hereunder.  Seabury is being retained by Counsel to report to and consult with Counsel in order to develop a comprehensive financial and legal strategy for the Company, notwithstanding that Seabury's fees and expenses will be paid solely by the Company.  Seabury acknowledges that Counsel has requested that Seabury bill the Company directly and that the Company pay Seabury directly for any amounts owed hereunder, and Seabury has agreed to such request.  Seabury further acknowledges that (a) in connection with the foregoing, the Company has executed and delivered to Seabury this Agreement pursuant to which the Company is obligated to pay all amounts owed to Seabury hereunder, and (b) for the avoidance of doubt, notwithstanding anything herein to the contrary, Counsel shall have no liability to Seabury arising out of this Agreement and shall not be responsible for any fees or other amounts hereunder (including, without limitation, for payment of any fees, costs, expenses or for any indemnity obligations), and Seabury shall look only to the Company for payment hereunder.

**Section 3. Expenses; Deposit.**

The Company will reimburse Seabury promptly upon receipt of monthly written notice for its documented and reasonable out-of-pocket expenses incurred by Seabury in connection with the services to be rendered under the Agreement. Seabury personnel shall be reimbursed for economy class travel (or its equivalent) except for international travel greater than five (5) hours in duration, in which case Seabury personnel may be permitted to book in business class.  The Company and its representatives shall be entitled to review and/or audit Seabury's records of such expenses during normal business hours. Upon termination of this Agreement, the Company shall reimburse Seabury only for such documented and reasonable out-of-pocket expenses incurred or accrued prior to termination. Invoices submitted to the Company pursuant to this Section 3 will, in each case, include adequate detail including employee name, date of expense charge, expense type and amount.

The Company shall pay a deposit to Seabury upon execution of this Agreement equal to NINE HUNDRED THOUSAND US DOLLARS (US$900,000.00) (the "***Deposit***") that Seabury may hold until the end of the

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 5

engagement to cover any unreimbursed out-of-pocket expenses or fees due.  The Company may not deduct the value of this Deposit from any reimbursements otherwise owed to Seabury, and Seabury shall have no obligation to allow such crediting of the Deposit during the pendency of the engagement.  If, at the end of the engagement, there is any residual amount of the Deposit which is unused, the Seabury shall promptly repay such residual amount to the Company.

## Section 4. Term.

The Company shall retain Seabury's services under Section 1 through the *earlier to occur* of (i) the effective date of a Financial Restructuring and any related capital raises, if effectuated out-of-court; (ii) a court supervised and confirmed Plan of Reorganization for the Company becoming effective along with related capital raises, (iii) closing of any M&A Transaction; and (iv) the date this Agreement is subject to an early termination by the Company under provisions of Section 5 below.

## Section 5. Termination.

Except as otherwise provided under any separate written agreement with the Company:

A.  Seabury and the Company may terminate this Agreement upon mutual written agreement.

B.  The Company may terminate the Agreement by written notice to Seabury without further liability or obligation whatsoever on the part of the Company (x) at any time it determines in good faith that Seabury has materially defaulted in the performance of its obligations hereunder; and (y) the Company provides Seabury seven (7) business days' prior written notice of its intention to terminate the Agreement unless Seabury remedies any such failure to perform to the satisfaction of the Company within such period ("***Termination for Cause***").

C.  Upon expiration of the engagement, the Company shall pay Seabury all professional fees, consulting fees and success fees, as described above that have accrued prior to such termination but are unpaid, and reimbursements for documented and reasonably incurred expenses due and payable under this Agreement are due and payable upon completion of this assignment.

D.  Upon Termination for Cause as provided in clause (ii) above, the Company shall pay Seabury all fees and reimbursements for documented and reasonably incurred expenses that have accrued prior to such termination but remain unpaid.

E.  Except for Termination for Cause, the Company shall be obliged to pay all Success Fees to Seabury upon a substantial consummation of a Financial Restructuring, or completion of any DIP Loan Transaction, any Debt Financing Transaction, any Equity Financing Transaction and/or any M&A Transaction that would otherwise be payable to Seabury under Section 2 if such transactions occur within eighteen (18) months from any termination by the Company.

F.  Notwithstanding any of the foregoing, Sections 5, 6, 7, 8, 9, 10, 11 and 12 of the Agreement shall survive the expiration or termination of this Agreement.

## Section 6. Governing Law.

This Agreement, and any claim related directly or indirectly to this Agreement, will be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law. The United States District Court for the Southern District of New York and the appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Agreement and any matter arising from it;

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 6

provided, however, all legal proceedings pertaining to the Agreement and any matter arising from it that arise during the pendency of a case under chapter 11 of the Bankruptcy Code of the Company, if any, shall be brought in the bankruptcy court handling such case. The parties submit to the jurisdiction of such courts and irrevocably waive any right they may have to object to any action being brought in these courts, to claim that the action has been brought in an inconvenient forum or to claim that those courts do not have jurisdiction.

**Section 7. Indemnification.**

The Company agrees to indemnify Seabury and other parties as provided in the Annex A hereto.  Annex A is incorporated by reference into this engagement letter.

**Section 8. Miscellaneous.**

***Seabury's Other Relationships.*** The Company and Counsel acknowledge that Seabury provides financial advisory and investment banking services to a broad array of companies in the aviation and transportation sectors. The Company acknowledges that these and other relationships exist and agrees that such relationships cannot be subsequently claimed as a reason for termination of this Agreement except if Seabury breaches in any material respect its fiduciary responsibility to the Company in the performance of its responsibilities hereunder. Additionally, the Company accepts that Seabury is bound by confidentiality and fiduciary obligations to other clients and has specifically advised the Company that Seabury is obligated not to use any confidential non-public information obtained from such other engagements to advise the Company.

***Seabury's Obligations.*** All services to be performed by Seabury hereunder shall be performed in good faith and with at least that level of care and diligence as customarily exercised by other international financial advisors and international consultants similarly employed or engaged in providing similar services to the aviation market.  Seabury will also have the confidentiality obligations as set forth in Section 10 hereof.

***Company's Obligations.***  The Company agrees that materials prepared by Seabury for its use are for the exclusive use of the Company and Counsel.  The Company agrees that Seabury's work product cannot be shared with other parties without advance written consent of Seabury or in accordance with Section 10 hereof.

***Relationship of the Parties.*** The role of Seabury under this Agreement is and at all times shall remain that of independent contractor.  Nothing in this Agreement or the attached schedules or annexes shall be construed to create a joint venture, partnership, franchise, employment or agency relationship between the parties to this Agreement, and accordingly, neither party shall represent itself as having, nor does either party have, the right, power, or authority to bind or otherwise create any obligation or duty, express or implied, on behalf of the other party in any manner whatsoever. Personnel provided by Seabury to provide services to Company hereunder shall continue to be employees of Seabury, and such persons shall be subject to Seabury's exclusive supervision and control.

The Company and Seabury shall be liable and shall indemnify, defend and hold the other harmless for all taxes and benefits arising from the employment of their respective employees involved in the performance of the services hereunder. The Company and Seabury accept full and exclusive liability for the payments of workers' compensation and employer's liability insurance premiums with respect to their respective employees and for the payment of all taxes, contributions or other payments for unemployment compensation or old age benefits, pensions or annuities now or hereafter imposed upon employers by a governmental authority having jurisdiction with respect to their respective employees, measured by the wages, salaries, compensation, or other remuneration paid to its employees.

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 7

**Section 9. Taxes.**

All fees and other payments to be made to Seabury under this Agreement are to be made in cleared funds, without deduction, set-off or counterclaim and free and clear and without deduction on account of any "Taxes", levies, fees and withholdings of any nature now or hereafter imposed. If the Company is compelled by law or otherwise to make any such deduction, the Company will pay to Seabury such additional amounts as are necessary to ensure receipt by Seabury of the full amount which Seabury would have received but for the deduction: provided, however, the Company and Seabury will cooperate in good faith to minimize taxes to the extent legally permissible. "***Taxes***" shall mean any and all fees (including license, recording, documentation and registration fees), taxes (including, without limitation, income, gross receipts, capital, franchise, net worth gross profits, sales, rental, use, turnover, value added, ad valorem, property (tangible and intangible) excise, documentary and stamp taxes), licenses, levies, imposts, duties, charges, assessments or withholdings of any nature whatsoever, whether now existing or hereafter adopted, enacted or amended, howsoever imposed, levied or asserted by any government entity or taxing authority together with any and all penalties, fines, additions to tax and interest thereon.

**Section 10. Confidentiality.**

All information exchanged by Seabury and the Company or Counsel in connection with this Agreement that is identified as confidential or otherwise reasonably understood to be confidential under the circumstances ***("Confidential Information")*** shall be kept confidential by receiving party and its employees using a reasonable standard of care and used solely to provide the Services to the Company and Counsel. No Confidential Information shall be disclosed to any third party without the disclosing party's prior written consent unless at the time of such disclosure, such information (i) is generally available to and known by the public (other than as a result as a disclosure directly by the receiving party); (ii) becomes available to the receiving party on a non-confidential basis from a source other than the disclosing party; (iii) was known by the receiving party prior to disclosure by the disclosing party; (iv) is otherwise required to be disclosed by law (including by subpoena, civil investigative demand or similar process), in which event the receiving party shall give prompt notice to the disclosing party before disclosure and cooperate in good faith to permit the receiving party to seek a protective order or other appropriate remedy; or (v) subject to prompt confirmation by Seabury, was exchanged for the purpose of being included in a public filing or otherwise made public in connection with a court-supervised restructuring.

The Company also accepts that Seabury is bound by confidentiality and fiduciary obligations to other clients, and Seabury is obligated to refrain from using any confidential non-public information obtained from such other engagements to advise the Company. Additionally, Seabury and the Company each agrees to keep the terms and conditions of this Agreement confidential; provided however subject to prompt confirmation by Seabury, the Company shall be permitted to file this Agreement in connection with any retention of Seabury in a court-supervised restructuring.

Seabury acknowledges that the work product produced by Seabury pursuant to this Agreement is for the purpose of facilitating the rendering by Counsel of legal advice to the Company and constitutes attorney work product, and that any communication to Counsel, including without limitation, any correspondence, analyses, reports and related materials that Seabury prepares, constitutes confidential and privileged communications and Seabury will not disclose the same to any other person except as requested by Counsel or as required by applicable law.

**Section 11. Data Protection**

Seabury has complied and will continue to comply with its obligations as a data processor arising from the data protection and privacy laws in force from time to time to the extent that those obligations are relevant to this Agreement. Further, Seabury and the Company have each implemented and shall maintain an

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 8

information security program including reasonable administrative, technical and physical measures designed to secure and protect the confidentiality, integrity and availability of all Confidential Information while in such party's possession against unauthorized, unlawful or accidental access, disclosure, transfer, destruction, loss or alteration.

The term Confidential Information will not, however, include any information that identifies or directly relates to natural persons ("***Personal Data***").  Each party will exercise commercially reasonable efforts not to disclose any Personal Data to the other party and to restrict the other party's access to its Personal Data, but if a party is given access to the other party's Personal Data, the receiving party will protect such Personal Data using a reasonable standard of care. If Seabury requires access to the Company's Personal Data in connection with the Services for a particular project, the parties will agree in writing on the procedures and obligations of each party with respect to the access, use and protection of such Personal Data and where needed implement additional data security controls and processes for the transmission, exchange, storage, processing or other use of Personal Data as described in such procedures.

## Section 12. Intellectual Property

All intellectual property provided to Seabury by the Company under this Agreement ("Company IP") is and shall remain the sole and exclusive property of the Company. Company hereby grants to Seabury, during the term of this Agreement, a non-exclusive, fully paid, non-transferable, limited license to use and permit Seabury to use the Company IP, solely for the purposes of providing the Services under this Agreement. Pending final payment, Seabury will, subject to any restrictions applicable to any third-party materials embodied in the documents delivered to the Company in the course of providing the Services (the "***Deliverables***"), grant to the Company a perpetual, worldwide, nontransferable, non-exclusive, irrevocable (other than for non-payment) right and license to use, copy, modify and prepare derivative works of the Deliverables for purposes of the Company's and its affiliated companies' internal business only.

All other rights in the Deliverables remain in and/or are assigned to Seabury. Rights in all intellectual property of Seabury existing prior to the Services, used in the Services, developed separately, or licensed to Seabury by third parties and used in the Services, and any enhancements or modifications to the same, are the sole and exclusive property of Seabury ("***Seabury IP***"). Seabury IP embedded in Deliverables may not be used separately or beyond the license rights noted above. Subject to obligations of confidentiality in Section 11, each party will be free to use the concepts, techniques and know-how retained in the unaided memories of those involved in the performance or receipt of the Services.  In no event will Seabury be precluded from independently developing for itself, or for others, anything, whether in tangible or non-tangible form, which is competitive with, or similar to, the Deliverables provided and to the extent that they do not contain confidential information of the Company.

## Section 13. Execution.

This Agreement may not be amended or modified except in writing signed by the Company and Seabury and may be executed in two or more counterparts, each of will be deemed to be an original, but all of which will constitute one and the same agreement. All rights, liabilities and obligations hereunder will be binding upon and inure to the benefit of the Company, Seabury and their respective successors and assigns.

Please confirm our mutual understanding of this engagement by signing and returning to us the enclosed duplicate copy of this letter agreement. We are pleased that you have engaged us to act as your financial advisor and are looking forward to working with you on this assignment.

[THE REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 9

Very truly yours,

SEABURY SECURITIES LLC

By: _____
      Patrick H. Dowling
      Senior Managing Director

SEABURY INTERNATIONAL CORPORATE FINANCE LLC

By: _____
      Virginia Hughes
      Managing Director

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 10

Accepted and agreed to this 27th day of April 2020

MILBANK, LLP

By: _____

    Evan Fleck
    Partner

On behalf of the following entities:

AERO TRANSPORTE DE CARGA UNION, S.A. DE C.V.
AEROINVERSIONES DE HONDURAS, S.A.
AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA
AIRLEASE HOLDINGS ONE LTD.
AMERICA CENTRAL (CANADA) CORP.
AMERICA CENTRAL CORPORATION
AV INTERNATIONAL HOLDCO S.A.
AV INTERNATIONAL HOLDINGS S.A.
AV INTERNATIONAL INVESTMENTS S.A.
AV INTERNATIONAL VENTURES S.A.
AV INVESTMENTS ONE COLOMBIA S.A.S.
AV INVESTMENTS TWO COLOMBIA S.A.S.
AV TACA INTERNATIONAL HOLDCO S.A.
AVIANCA COSTA RICA S.A.
AVIANCA HOLDINGS S.A.
AVIANCA, INC.
AVIANCA LEASING, LLC
AVIANCA PERU S.A.
AVIANCA-ECUADOR S.A.
AVIASERVICIOS, S.A.
AVIATECA, S.A.
C.R. INT'L ENTERPRISES INC.
GRUPO TACA DE CHILE S.A.
AVIFREIGHT HOLDING MEXICO, S.A.P.I. DE C.V.
GRUPO TACA HOLDINGS LIMITED
INTERNATIONAL TRADEMARKS AGENCY INC.
INVERSIONES DEL CARIBE, S.A.
ISLENA DE INVERSIONES, S.A. DE C.V.
LATIN AIRWAYS CORP.
LATIN LOGISTICS, LLC
NICARAGUENSE DE AVIACION, S.A.
REGIONAL EXPRESS AMERICAS S.A.S.
ROAIR N.V.
TACA DE HONDURAS, S.A. DE C.V.
TACA DE MEXICO, S.A.
TACA INTERNATIONAL AIRLINES S.A.
TACA S.A.
TAMPA CARGO S.A.S.
TECHNICAL AND TRAINING SERVICES, S.A. DE C.V.
SERVICIOS AEROPORTUARIOS INTEGRADOS SAI S.A.S.
SERVICIO TERRESTRE, AEREO Y RAMPA S.A.

By: _____
Adrian Neuhauser
Chief Financial Officer

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 11

## ANNEX A

Seabury International Corporate Finance LLC
Seabury Securities LLC
1350 Avenue of the Americas
31st Floor
New York, NY 10019

Ladies and Gentlemen:

In connection with the engagement of Seabury Securities LLC and any of their affiliates (collectively, "***Seabury***") to advise and assist the undersigned (referred to herein as the "***Company***," "***we***," "***our***," or "***us***") with the matters set forth in the Agreement dated as of the date hereof between us and Seabury, we hereby agree to indemnify and hold harmless Seabury, its affiliated companies, and each of Seabury's and such affiliated companies' respective officers, directors, agent, employees, and controlling persons (within the meaning of each of Section 20 of the Securities Exchange Act of 1934 and Section 15 of the Securities Act of 1933) (each of the forgoing, including Seabury, being hereinafter referred to as an "***Indemnified Person***") to the fullest extent permitted by law from and against any and all losses, claims, damages, reasonable expenses (including reasonable fees, disbursements, and other charges of counsel), actions, proceedings, arbitration or investigations (whether formal or informal) (all of the foregoing being referred to as "***Liabilities***"), based upon, relating to, or arising out of such engagement or any Indemnified Person's role therein; *provided, however,* that we shall not be liable under this paragraph: (a) for any amount paid in settlement of claims without our consent, unless our consent is unreasonably withheld or (b) to the extent that it is finally judicially determined, or expressly stated in an arbitration award, that such Liabilities resulted primarily from the willful misconduct or negligence (which in all cases hereunder will be deemed to include any violation of applicable law) of the Indemnified Person seeking indemnification. In connection with our obligation to indemnify for expenses as set forth above, we further agree to reimburse each Indemnified Person for all such expenses (including reasonable fees, disbursements, and other charges of counsel) as they are incurred by such Indemnified Person; *provided, however,* that if an Indemnified Person is reimbursed hereunder for any expenses, the amount so paid shall be refunded if and to the extent it is finally judicially determined, or expressly stated in an arbitration award, that the Liabilities in question resulted primarily from the willful misconduct or negligence of such Indemnified Person. We hereby agree that neither Seabury nor any other Indemnified Person shall have any liability to us (or anyone claiming through us or in our name) in connection with Seabury's engagement by us except to the extent that such Indemnified Person has engaged in willful misconduct or been negligent.

Promptly after Seabury receives notice of the commencement of any action or other proceeding in respect of which indemnification or reimbursement may be sought hereunder, Seabury will notify us thereof; but the omission to notify us shall not relieve us from any obligation hereunder unless, and only to the extent that, we shall have been materially prejudiced by such failure. If any such action or other proceeding shall be brought against any Indemnified Person, we shall, upon written notice given reasonably promptly following our receipt of your notice to us of such action or proceeding, be entitled to assume the defense thereof at our expense with counsel chosen by us and reasonably satisfactory to such Indemnified Person; *provided, however*, that any Indemnified Person may, at its own expense, retain separate counsel to participate in such defense.  Notwithstanding the foregoing, such Indemnified Person shall have the right to employ separate counsel at our expense and to control such own defense of such action or proceeding if the named parties to any such claim or action include such Indemnified Person and us and in the reasonable opinion of counsel to such Indemnified Person there are or may be legal defenses available to such Indemnified Person or to other Indemnified Persons that are different from or additional to those available to us; *provided, however*, that in no event shall we be required to pay fees and expenses under this indemnity for more than one firm of attorneys (in addition to local counsel) in any one legal action or group of related legal actions. We agree that we will not, without the prior written consent of Seabury, settle or compromise

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 12

or consent to the entry of any judgment in any pending or threatened claim, action, or proceeding relating to the matters contemplated by Seabury's engagement (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, or consent includes an unconditional release of Seabury and each other Indemnified Person from all liability arising or that may arise out of such claim, action, or proceeding.

We will also reasonably consult with the statutory committee of unsecured creditors appointed in our chapter 11 cases, if any, to the extent appropriate prior to entering into any such settlement or compromise. In the event that Seabury seeks reimbursement for attorneys' fees from us, invoices and supporting time records from such attorneys shall be annexed to Seabury's own interim and final fee applications, and such invoices and time records shall be subject to the U.S. trustee's guidelines for compensation and reimbursement of expenses and approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.

If the indemnification of an Indemnified Person provided for hereunder is unavailable for any reason (other than as a result of the willful misconduct or negligence of the Indemnified Person), then we agree, in lieu of indemnifying such Indemnified Person, to contribute to the amount paid or payable by such Indemnified Person as a result of such Liabilities in such proportion as is appropriate to reflect the relative benefits received, or sought to be received, by us on the one hand and by Seabury on the other from the transactions in connection with the matters for which Seabury has been engaged. If the allocation provided in the preceding sentence is not permitted by applicable law, then we agree to contribute to the amount paid or payable by such Indemnified Person as a result of such Liabilities in such proportion as is appropriate to reflect not only the relative benefits referred to in such preceding sentence but also the relative fault of us and of such Indemnified Person in connection with the matters to which such liabilities relate, as well as any other return of equitable considerations.

Notwithstanding the foregoing, in no event shall the aggregate amount required to be contributed by us, taking into account our contributions as described above, exceed the amount of fees actually paid by us to Seabury pursuant to such engagement (exclusive of amounts paid by us as reimbursement of expenses and paid under this indemnity agreement). The relative benefits received or sought to be received by us on the one hand and by Seabury on the other shall be deemed to be in the same proportion as (a) the total value of the transactions with respect to which Seabury has been engaged bears to (b) the fees paid or payable to Seabury with respect to such engagement.

The rights accorded to Indemnified Persons hereunder shall be in addition to any rights that any Indemnified Person may have at common law, by separate agreement or otherwise and shall be binding on and inure to the benefit of any successors, assigns and personal representatives of us and each indemnified party.

THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED ENTIRELY WITHIN SUCH STATE WITHOUT REGARD TO SUCH STATE'S RULES CONCERNING CONFLICTS OF LAWS. WE HEREBY CONSENT, SOLELY FOR THE PURPOSE OF ALLOWING AN INDEMNIFIED PERSON TO ENFORCE ITS RIGHTS HEREUNDER, TO PERSONAL JURISDICTION AND SERVICE AND VENUE IN ANY COURT IN WHICH ANY CLAIM FOR WHICH INDEMNIFICATION MAY BE SOUGHT HEREUNDER IS BROUGHT AGAINST SEABURY OR ANY OTHER INDEMNIFIED PERSON; PROVIDED, HOWEVER, THAT ALL LEGAL PROCEEDINGS PERTAINING TO THE AGREEMENT AND ANY MATTER ARISING FROM IT THAT ARISE DURING THE PENDENCY OF A CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF THE COMPANY, IF ANY, SHALL BE BROUGHT IN THE BANKRUPTCY COURT HANDLING SUCH CASE.

PROPRIETARY AND CONFIDENTIAL

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 13


We and Seabury also hereby irrevocably waive any right we and Seabury may have to a trial by jury in respect of any claim based upon or arising out of this agreement.  This agreement may not be amended or otherwise modified except by an instrument signed by both Seabury and us.

If any provision hereof shall be determined to be invalid or unenforceable in any respect, such determination shall not affect such provision in any other respect or any other provision of this agreement, which shall remain in full force and effect. The foregoing indemnification agreement shall remain in effect indefinitely, notwithstanding any termination or expiration of Seabury's engagement.

Very truly yours,

AVIANCA HOLDINGS, S.A., on behalf of its direct and indirect subsidiaries set forth below:

AERO TRANSPORTE DE CARGA UNION, S.A. DE C.V.
AEROINVERSIONES DE HONDURAS, S.A.
AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA
AIRLEASE HOLDINGS ONE LTD.
AVIANCA COSTA RICA S.A.
AVIANCA HOLDINGS S.A.
AVIANCA, INC.
AVIANCA LEASING, LLC
AVIANCA PERU S.A.
AVIANCA-ECUADOR S.A.
AVIATECA, S.A.
AVIFREIGHT HOLDING MEXICO, S.A.P.I. DE C.V.
GRUPO TACA HOLDINGS LIMITED
INTERNATIONAL TRADE MARKS AGENCY INC.
INVERSIONES DEL CARIBE, S.A.
ISLENA DE INVERSIONES, S.A. DE C.V.
LATIN AIRWAYS CORP.
LATIN LOGISTICS, LLC
REGIONAL EXPRESS AMERICAS S.A.S.
ROAIR N.V.
TACA DE HONDURAS, S.A. DE C.V.
TACA INTERNATIONAL AIRLINES S.A.
TACA S.A.
TAMPA CARGO S.A.S.
SERVICIOS AEROPORTUARIOS INTEGRADOS SAI S.A.S.
AV INTERNATIONAL HOLDCO S.A.
AV INTERNATIONAL HOLDINGS S.A.
AV INTERNATIONAL INVESTMENTS S.A.
AV INTERNATIONAL VENTURES S.A.
AV INVESTMENTS ONE COLOMBIA S.A.S.
AV INVESTMENTS TWO COLOMBIA S.A.S.
AV TACA INTERNATIONAL HOLDCO S.A.

By: _____
        Adrian Neuhauser
        Chief Financial Officer

*PROPRIETARY AND CONFIDENTIAL*

Avianca - Seabury Restructuring Engagement
April 22, 2020
Page | 14

Accepted and agreed to this __ day of April 2020

SEABURY SECURITIES LLC

By: _____
      Patrick H. Dowling
      Senior Managing Director

SEABURY INTERNATIONAL CORPORATE FINANCE LLC

By: _____
      Virginia Hughes
      Managing Director